## ALL CITY GLASS AND MIRROR, INC. *v.* McGRAW HILL INFORMATION SYSTEMS COMPANY, A Division of McGraw Hill, Inc.

88-103                                          750 S.W.2d 395

Supreme Court of Arkansas
Opinion delivered May 23, 1988

*The Cortinez Law Firm*, by: *Robert R. Cortinez*, for appellant.

No brief filed.

DARRELL HICKMAN, Justice. The trial court ruled that the appellant corporation had to be represented by an attorney and would not allow the corporation's president, a non-lawyer, to appear on behalf of the corporation. We find no error in the court's decision and affirm the judgment.

The appellee sued the appellant on the balance of an account, asking for $597.50. Jimmy Overton, the corporation's president, filed an answer on behalf of the corporation and appeared at a hearing before the court. The trial judge struck the answer and would not allow Overton to act as counsel; the judge ruled that Ark. Stat. Ann. § 25-205 (Repl. 1962), now codified at Ark. Code Ann. § 16-22-211(a) (1987), requires that a corporation be represented by an attorney. When the trial judge struck the answer, he offered the appellant a continuance to obtain an attorney. The appellant rejected the offer and the judge proceeded to hear the merits of the case and finally entered judgment for the appellee.

The appellant makes several arguments on appeal. However, it is only necessary to address the first argument. Appellant argues it was not practicing law to sign and file the pleading. The trial judge reached the right result but for the wrong reason. *Dale v. Sutton*, 273 Ark. 396, 620 S.W.2d 293 (1981). Ark. Code Ann. § 16-22-211(a) is not controlling in this case.

■ It is illegal to practice law in Arkansas without a license. *See* Ark. Code Ann. § 16-22-206 (1987). Although we allow individuals to represent themselves, we have held that corporations must be represented by licensed attorneys. *See Ark. Bar Assn.* v. *Union Nat'l Bank*, 224 Ark. 48, 273 S.W.2d 408 (1954), where we said:

> A corporation may also represent itself in connection with its own business or affairs in the courts of this state provided it does so through a licensed attorney.

We also said in *Union Nat'l Bank* that filing an answer is practicing law. We held:

> [W]hen one appears before a court of record for the purpose of transacting business with the court in connection with any pending litigation or when any person seeks to invoke the processes of the court in any matter pending before it, that person is engaging in the practice of law.

■ The judge was within his power in striking the answer of the president of the corporation who was not authorized to practice law.

In *McKenzie* v. *Burris*, 255 Ark. 330, 500 S.W.2d 357 (1973), we said:

> It is widely held in other jurisdictions that proceedings in a suit instituted or conducted by one not entitled to practice are a nullity, and if appropriate steps are timely taken the suit may be dismissed, a judgment in the cause reversed, or the steps of the unauthorized practitioner disregarded.

*See also* 7 C.J.S. *Attorney & Client* § 31 (1980).

Other arguments were raised, but the errors were not preserved for appeal.