Arthur F. GNAS and Ethelmae Gnas v. BURGER & ASSOCIATES, INC.

88-73                                          750 S.W.2d 58

Supreme Court of Arkansas
Opinion delivered May 31, 1988

*Jackson, Loving & Gutman,* by: *Gary D. Jackson,* and *Landers and Shepard,* by: *Michael R. Landers,* for appellants.

*Burbank, Dodson & McDonald,* by: *Gary D. McDonald* and *John W. Unger, Jr.,* for appellee.

ROBERT H. DUDLEY, Justice. The primary issue in this case is whether the appellants' mortgage or the appellee's mortgage has priority. The chancellor held that the appellee's mortgage is entitled to priority. We affirm that holding.

The debtor, Moro Bay Oil Company, Inc., gave two promissory notes to the Smackover State Bank, which were subse-

quently assigned to the appellee, Burger & Associates, Inc. The notes were secured by a mortgage and assignment of oil runs on an oil, gas, and mineral lease in Bradley County.

The debtor oil company also executed a promissory note to the appellants, Arthur and Ethelmae Gnas. This note was secured by a mortgage and assignment of oil runs on the same oil, gas, and mineral lease that secured appellee's notes. The appellants' mortgage provided:

> This mortgage and assignment of oil runs is junior and subordinate to that certain mortgage and assignment of oil runs executed by Moro Bay Oil Co., Inc. to Smackover State Bank of Smackover, Arkansas. . . .

The debtor, Moro Bay Oil Co., Inc., filed a petition in the bankruptcy court seeking relief under Chapter 11. Claims were filed by the Smackover State Bank and by appellants on their notes.

The debtor and the appellee subsequently entered into a separate contract which provided in part:

> MORO BAY agrees to convey unto BURGER [appellee] an undivided One-half (½) of all its interest in said Lease upon completion of the terms and provisions herein contained. BURGER agrees, as partial consideration, to purchase such Note from the BANK. BURGER further agrees to a moratorium of payments pursuant to and on said Note until such time as the GNAS [appellants] Note has been paid in full. It is mutually agreed by the parties hereto that such moratorium of payments shall not and does not constitute a subordination of the Note to the Gnas Note. The parties hereto further agree that said Note shall draw simple interest on such Promissory Note as thereon stated.

At approximately the same time the separate contract was entered, the debtor, the appellee, and the appellants entered into a settlement agreement which was part of a plan of reorganization. It provided in part:

> 8. Smackover State Bank held a promissory note from Moro Bay which was secured by a first mortgage

prior to that said second mortgage held by Gnas [appellants]. Burger & Associates, Inc., [appellee] transferee of such note and first mortgage, agrees to defer receipt of any payments on such note until the claim of Gnas [appellants] is paid in full as provided herein, provided, however, that said first mortgage shall retain its lien priority over the second mortgage.

The agreement then provided that the debtor immediately would pay $100,000.00 to the appellants, followed by thirty-six monthly installment payments of $6,022.75, and a final balloon payment of $200,000.00. The debtor made the initial payment and seven of the monthly installments and then ceased making payments.

After the debtor stopped making the payments set out in the settlement agreement, the appellee filed suit against Moro Bay Oil Company, Inc., to foreclose on the oil, gas, and mineral leasehold. The appellants intervened and also sought to foreclose on the same security. Both claimed first mortgages. The chancellor ruled in favor of appellee.

■ The appellants argue that the agreements should have been construed to mean that appellee had no right to foreclose until appellants were paid in full. The argument completely overlooks the fact that appellants' mortgage and both agreements provide that appellee's mortgage is first in priority. The contract between Moro Bay and appellee only provided for a moratorium of *payments* on the notes and this "moratorium of *payments* shall not and does not constitute a subordination." (Emphasis added.) Similarly, by the terms of the settlement agreement, appellee agreed to defer receipt of the payments on its note until appellants' claim "is paid in full *as provided herein*, provided, however, that the first mortgage [appellee's] shall retain its lien priority over the second mortgage [appellants']." (Emphasis added.) The chancellor correctly held this language meant that as long as payments were being made as set out in the agreement there was a moratorium on payments to appellee, but once payments stopped and foreclosure began, appellee had priority over the second mortgage.

■ Appellants also argue that appellee's conduct enabled debtor Moro Bay to modify its contractual obligations. However,

they do not explain how Moro Bay modified its contractual obligations to appellants, nor what existing contractual rights they gave up. We will not search the record to see if such an argument might have a factual basis. Accordingly, we find no merit in the argument.

■ After the chancellor had found that, under the terms of the promissory notes, Moro Bay owed $125,350.69 to appellee and that appellee was entitled to a first lien on the security, appellants tendered $125,350.69 to the appellee for its two promissory notes. The appellee refused to sell the notes to appellants for the tendered amount. The chancellor refused to order the appellee to accept the tender, and appellants cite this as error. The appellants do not cite any authority for their argument and do not make a convincing argument on the point. In effect, they ask us to research the point and reverse if the result of our labor so demands. We decline to do so. " 'Assignments of error presented by counsel in their brief, unsupported by convincing argument or authority, will not be considered on appeal, unless it is apparent without further research that they are well taken.' " *Dixon* v. *State*, 260 Ark. 857, 862, 545 S.W.2d 606, 609 (1977).

Affirmed.