The Honorable David R. Malone State Senator P.O. Box 1048 Fayetteville, AR 72701
Dear Senator Malone:
This is in response to your request for an opinion on the following questions:
 1) Are the provisions of Ark. Code Ann. 16-17-605 in conflict with the holding in the case of All City Glass Mirror v. McGraw Hill, 750 S.W.2d 395, decided by the Arkansas Supreme Court on May 23, 1988?
 2) Are corporations like those described in Ark. Code Ann. 16-17-605 permitted to sue and be sued in small claims court, and be represented in the proceedings by an officer of the corporation?
These questions apparently arise as a result of the Arkansas Supreme Court's statement in the case of All City Glass Mirror, Inc. v. McGraw Hill Information Sup. Co., 295 Ark. 520, 521,750 S.W.2d 395 (1988) that "[a]lthough we allow individuals to represent themselves, we have held that corporations must be represented by licensed attorneys." This statement followed the court's citation of Arkansas Code Annotated 16-22-206 for the precept that it is illegal to practice law in Arkansas without a license.
Section 16-17-605 (Supp. 1987) states as follows:
 (a) Corporations, other than those identified in 16-17-605, which are organized under the laws of this state and which have no more than three (3) stockholders may sue and be used in small claims courts created pursuant to this subchapter.
 (b) A corporation shall be represented in the proceedings by an officer of the corporation.
It is thus clear that 16-17-605 on its face mandates representation of a corporation in small claims court by a corporate officer. We cannot conclude, in response to your first question, that this provision necessarily conflicts with the holding in All City Glass Mirror, Inc., supra,, since that case involved the filing of an answer and the appearance in circuit court by a corporate president on behalf of the corporation. Nor do any of the cases cited therein involve a corporation's appearance in the municipal court small claims division.
It must, however, be determined whether this case portends a similar ruling with respect to a corporation's appearance in the small claims division. While the answer to your second question, as posed, is clearly yes, in accordance with 16-17-605(b) (Supp. 1987), it seems that the real question is whether that officer must be a licensed attorney.
It might be contended in this regard that 16-17-605(b) must be read together with 16-22-206 as requiring that the officer representing the corporation be an attorney. However, A.C.A. 16-17-612(a) (Supp. 1987) would, in that instance, result in the transfer of all such cases to the regular municipal court docket. Section 16-17-612(a) states in pertinent part that cases filed in small claims shall immediately be transferred to the regular docket if any party is represented by an attorney. It is thus apparent that this construction would effectively nullify the clear grant of authority to corporations under 16-17-605(a) (Supp. 1987) to "sue and be used in small claims court." And it is well established that a court will decline an interpretation that defeats the plain purpose of the law. Ragland v. Allen Transformer Co., 293 Ark. 601, 740 S.W.2d 133 (1987).
We must also consider the possibility that a court would find an irreconcilable conflict between 16-17-605 (Supp. 1987) and16-22-206. It is my opinion that a court would conclude in that event that 16-17-605 (Supp. 1987) prevails as the later expression of legislative intent. State v. Lawrence, 246 Ark. 644,439 S.W.2d 819 (1969). This section is the codification of Act 905 of 1979, as recently amended under Act 430 of 1987. The most recent amendment of the Act codified under 16-22-206 occurred in 1929 (Acts 1929, No. 32, 1).
The legislative intent expressed under 16-17-605 for corporations to have access to small claims court is clear. This conclusion is supported by the language of Act 905 of 1979 which first established the right of certain corporations to avail themselves of small claims courts. The preamble to this Act stated:
 WHEREAS, Act 725 of 1977 prohibits attorneys from appearing in small claims courts; and
 WHEREAS, corporations can only appear in court represented by an attorney, therefore corporations are effectively excluded from appearing in small claims court; and
WHEREAS, such exclusion is inequitable; and
 WHEREAS, such inequity can best be eliminated by allowing corporations to appear in small claims courts in the form of the president or secretary of such corporation. . . .
It is therefore my opinion that the ruling in All City Glass 
Mirror, Inc. does not extend to the specific question of a corporation's appearance in small claims court. Section 16-17-605 (Supp. 1987) in my opinion authorizes an officer's appearance on behalf of the corporation in such courts. While it is true that the power to regulate the practice of law is a prerogative of the judicial department under Amendment 28 to the Constitution of Arkansas, it may reasonably be concluded that the Supreme Court has not held A.C.A. 16-17-605 (Supp. 1987) to be in conflict with Amendment 28 or any rule promulgated by the Court.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.