Mike MORELAND *v.* VICKERS CHEVROLET
COMPANY

CA 91-57                                              826 S.W.2d 289

Court of Appeals of Arkansas
Division I
Opinion delivered January 15, 1992

*Armstrong & Binns*, by: *Mike Moreland*, for appellant.

*Rieves & Mayton*, by: *Elton A. Rieves IV*, for appellee.

MELVIN MAYFIELD, Judge. Appellant Mike Moreland has appealed a decision of the Desha County Circuit Court which dismissed his appeal from the Dumas Municipal Court on the holding that the appeal was not timely filed and, consequently, the circuit court did not have jurisdiction.

On April 8, 1988, the appellee, Vickers Chevrolet Company, filed suit against Mike Moreland in the Desha County Small Claims Court. Moreland answered through an attorney and the case was transferred to the Dumas Municipal Court pursuant to Ark. Code Ann.§ 16-17-612(a) (Supp. 1991), which provides, in pertinent part, as follows:

> When any case is pending in the small claims division of any municipal court and the judge or referee of the court determines that an attorney is representing any party in the case, the case shall immediately be transferred to the regular municipal court docket.

Vickers Chevrolet Company, a corporation, had been represented in small claims court by its president, Herman Vickers, and he continued to represent the corporation in the regular division of the municipal court. Vickers is not an attorney. On June 9, 1988, judgment for $2,854.56 was rendered in municipal court in favor of Vickers Chevrolet. On July 7, 1988, Moreland filed a notice of appeal and affidavit of appeal in the municipal court, but neither of these documents was filed in circuit court until July 13, 1988, which was more than 30 days after judgment was rendered in municipal court.

Vickers, still representing the corporation, filed a motion in circuit court to dismiss the appeal because it was not filed in circuit court within 30 days. Arkansas Inferior Court Rule 9(a) and (b) provides as follows:

(a) *Time for Taking Appeal*. All appeals in civil cases from inferior courts to circuit court must be filed in the office of the clerk of the particular circuit court having jurisdiction of the appeal within thirty (30) days from the date of the entry of the judgment.

(b) *How Taken*. An appeal from an inferior court to the circuit court shall be taken by filing a record of the proceedings had in the inferior court. It shall be the duty of the clerk to prepare and certify such record when requested by the appellant and the appellant shall have the responsibility of filing such record in the office of the circuit clerk.

This rule was involved in *West Apartments, Inc.* v. *Booth*, 297 Ark. 247, 760 S.W.2d 861 (1988), where the Arkansas Supreme Court affirmed a circuit court dismissal of an appeal from municipal court which was not filed in circuit court within 30 days after entry of the judgment in municipal court.

Moreland responded to the motion to dismiss his appeal by arguing that all proceedings taken in municipal court were a nullity. In his brief to this court, Moreland cites as his authority the case of *All City Glass & Mirror, Inc.* v. *McGraw Hill Information Systems, Company*, 295 Ark. 520, 750 S.W.2d 395 (1988), which held that corporations must be represented in court by licensed attorneys, and the case of *McKenzie* v. *Burris*, 255 Ark. 330, 500 S.W.2d 357 (1973), which contains a statement which indicates that proceedings in a suit maintained by one not entitled to practice law may be a nullity. 255 Ark. at 333.

Appellant argues on appeal that the circuit court erred by not allowing him to collaterally attack the judgment rendered by the municipal court. Appellant concedes that Ark. Code Ann. § 16-17-605 (1987) allows a corporation with no more than three stockholders to be represented by one of its officers in small claims court. Appellant argues, however, that once the action is transferred to the regular division of the municipal court, the corporation must be represented by an attorney and proceedings in a suit conducted by one not entitled to practice law are a nullity.

The complete statement relied upon by appellant in *McKenzie* v. *Burris, supra*, is as follows:

It is widely held in other jurisdictions that proceedings in a

> suit instituted or conducted by one not entitled to practice are a nullity, and if appropriate steps are timely taken the suit may be dismissed, a judgment in the cause reversed, or the steps of the unauthorized practitioner disregarded.

255 Ark. at 333. And in the *All City Glass & Mirror* case, *supra*, the appellate court affirmed the trial court's action in striking an answer filed by a corporation's president, acting as attorney for the corporation. However, in the instant case the record does not show, and it is not argued, that the appellant objected in municipal court to Vickers representing the corporation or that appellant sought to strike any pleadings filed by Vickers in that proceeding. Once the matter got to circuit court the appellant did raise the issue of Vickers representing the corporation and Vickers then obtained licensed legal counsel for the corporation. Therefore, we do not think the statement taken from the opinion in *McKenzie v. Burris* supports appellant's argument that the municipal court judgment was a nullity.

With regard to the reference, in Inferior Court Rule 9(b), to the duty of the clerk of the court to file the transcript in circuit court within thirty days, the appellee points to the language in Rule 9(b) which provides that "the appellant shall have the responsibility of filing such record in the office of the circuit court."

We think the trial court was correct in holding appellant's appeal from the municipal court was not timely filed.

Affirmed.

COOPER and DANIELSON, JJ., agree.