ROMA LEATHERS, INC. *v.* Jim RAMEY

CA 98-1406                                    2 S.W.3d 82

Court of Appeals of Arkansas
Division II
Opinion delivered October 20, 1999

Appellant, not represented by licensed counsel.

No response.

WENDELL L. GRIFFEN, Judge. Appellant Roma Leathers, Inc., a California corporation, filed suit in Lonoke County Circuit Court and was represented by Linda Lee, a non-attorney and presumably an officer of the corporation who is not licensed to practice law in Arkansas. The corporation claimed that the appellee received leather goods for which he had not paid. Although the trial court rendered a judgment in its favor, the appellant contends that the trial judge erred in two aspects: 1) the trial court failed to exhaust all legal means to get the legal documents and proof necessary for two of appellant's invoices and failed to reverse itself when the documents finally arrived; and 2) the amount of judgment entered was not based upon the proper amount according to the invoices. Appellee has not filed a brief.

Appellant offers no authority for its arguments. Its abstract is flagrantly deficient. Moreover, appellant's representative has engaged in the unauthorized practice of law. Therefore, we dismiss the appeal.

Appellant sold and shipped to Jim Ramey four packages on four separate invoices. According to appellant, Ramey paid for two invoices with bad checks and failed to pay on two other invoices. Appellant sued for recovery of the invoice amounts in municipal court, and the case was tried on May 20, 1997. Ramey disputed receiving two of the packages. Appellant won a judgment for $1,942.04. Ramey filed an appeal in circuit court on November 3, 1997. He presented a check for one invoice, admitted that he owed appellant for the second invoice, and alleged that proofs of delivery for the other two invoices were not legal documents. The trial judge then sent a letter to UPS demanding UPS to certify their proofs of delivery. A response from UPS did not arrive until after

the trial court entered a judgment for appellant for the second package only.

Appellant contends on appeal that the trial court should have enforced its request for certified delivery records from UPS. Furthermore, appellant contends that the court should have reversed itself after the documents eventually arrived. For the second point on appeal, appellant contends that judgment was entered for the incorrect amount, and that the invoice was for an additional $49.50.

■ The appellant cites no authority for its arguments. It is well-settled that we do not consider arguments on appeal that are not cited by authority and where it is not apparent, without further research, that the arguments are well-taken. *Hodges v. Lamora*, 227 Ark. 740, 989 S.W.2d 530 (1999); *Gnas v. Burger & Assocs., Inc.*, 295 Ark. 569, 750 S.W.2d 58 (1988).

■ We also decline to address the merits of the appellant's arguments because the abstract is flagrantly deficient. The invoices are not included in the abstract, nor are the "certified delivery records" which were evidently necessary for the appellant's case.

Beyond these factors, we must dismiss the appeal because appellant has engaged in the unauthorized practice of law. The appellant is an out-of-state corporation seeking redress in the Arkansas courts. It is not represented by an attorney licensed to practice law in the state of Arkansas. Ms. Lee, the unlicensed individual representing the corporation, has invoked the processes of the Arkansas courts at the municipal, circuit, and appellate levels.

Under Arkansas law, no person shall be permitted to practice law in any court of record in Arkansas unless he has been licensed to practice by the Arkansas Supreme Court. Ark. Code Ann. § 16-22-206 (Repl. 1994). An individual who attempts to practice law without being properly licensed shall be deemed guilty of contempt of court and shall be punished as in other cases of contempt. Ark. Code Ann. § 16-22-209 (Repl. 1994).

With regard to corporations, Ark. Code Ann. § 16-22-211(a) (Repl. 1994) provides that "[i]t shall be unlawful for a corporation or voluntary association to practice or appear as an attorney at law for any person in any court in this state or before any judicial body...[or] to render legal services of any kind in actions or pro-

ceedings of any nature in any other way or manner." Further, Arkansas caselaw is clear that individuals may represent themselves, but corporations may do so only through a licensed attorney. *McAdams v. Pulaski County Circuit Court*, 330 Ark. 848, 956 S.W.2d 869 (1997); *All City Glass and Mirror, Inc. v. McGraw Hill Information Systems Co.*, 295 Ark. 520, 750 S.W.2d 395 (1988).

The seminal Arkansas case in this regard was *Arkansas Bar Ass'n v. Union Nat'l Bank*, 224 Ark. 48, 273 S.W.2d 408 (1954). In this case, the court made its ruling under Ark. Stat. Ann. § 29-205 (1947), now codified at Ark. Code Ann. § 16-22-211 (Repl. 1994). The court definitively stated that invoking the process of a court of law constitutes the practice of law. The court stated:

> [W]hen one appears before a court of record for the purposes of transacting business with the court in connection with any pending litigation or when any person seeks to invoke the processes of the court in any matter pending before it, that person is engaging in the practice of law.

*Arkansas Bar Ass'n v. Union Nat'l Bank*, 224 Ark. at 53, 273 S.W.2d at 411. The court stated further that "[a] corporation may . . . represent itself in connection with its own business or affairs in the courts of this state provided it does so through a licensed attorney." *Id.* at 51, 273 S.W.2d at 410.

The results of a finding that a party has engaged in the unauthorized practice of law vary under Arkansas law. In *McKenzie v. Burris*, 255 Ark. 330, 500 S.W.2d 357 (1973), the Arkansas Supreme Court noted that in many other jurisdictions, "proceedings in a suit instituted or conducted by one not entitled to practice are a nullity, and if appropriate steps are timely taken the suit may be dismissed, a judgment in the cause reversed, or the steps of the unauthorized practitioner disregarded." *Id.* at 333, 500 S.W.2d at 359-60. Examples of appropriate steps cited by the *Burris* court include a motion to strike a complaint, a motion to strike an answer, a motion for mistrial, or a motion to strike a petition. *Id.* at 333, 500 S.W.2d at 360. Given the options provided by the *Burris* court, the Arkansas Supreme Court has denied a writ of certiorari filed on behalf of a corporation by a non-attorney. *McAdams, supra*. The supreme court has also affirmed the trial court's striking of an answer filed on behalf of a corporation by the president of the corporation, who was not an attorney. *All City Glass, supra*.

In *All City Glass*, the court stated that Ark. Code Ann. § 16-22-211(a), which makes it unlawful for an corporation to practice law, did not govern that case. The court then discussed Ark. Code Ann. § 16-22-206 (Repl. 1994), which requires that an *individual* who practices law in Arkansas must be licensed by the Arkansas Supreme Court, and noted that corporations must be represented by licensed attorneys. *Id.* at 521, 750 S.W.2d at 395. The court also stated that filing an answer constitutes the practice of law, and quoted the above language from *Burris and Union Nat'l Bank*. *Id.* at 521, 750 S.W.2d at 395-96. The court seemed to hold that the individual, but not the corporation, engaged in the unauthorized practice of law. Nonetheless, the corporation ultimately suffered the consequences of the actions of its representative; it was the corporation's answer that was stricken and the corporation's cause of action which suffered as a result.

By contrast, in *Moreland v. Vickers Chevrolet Co.*, 37 Ark. App. 1, 826 S.W.2d 289 (1992), we affirmed a judgment where a corporation was initially represented in municipal court by its president, a non-attorney. At the municipal level, the adverse party did not make any objections or motions to strike. However, once the municipal decision was appealed to the circuit court, the adverse party objected and the corporation obtained licensed legal counsel. *Id.* at 4, 826 S.W.2d at 291. The appellant quoted the above language from *Burris*, and argued the municipal judgment was a nullity. *Id.* at 3-4, 826 S.W.2d at 290. However, we found that *Burris* did not support the argument that the municipal judgment was a nullity, because the adverse party failed to object at the municipal level, and when he objected, the corporation obtained licensed counsel. *Id.* at 4, 826 S.W.2d at 291. Therefore, we affirmed the judgment.

In the case at bar, the appellant is an out-of-state corporation seeking redress in our courts. It has been represented through all stages of this case by an individual not licensed to practice in this state. According to the reasoning of *All City Glass, supra,* it appears that Ms. Lee has engaged in the unauthorized practice of law; thus, the corporation she represents, Roma Leathers, must bear the ultimate responsibility for the conduct of its unauthorized representative.

It is true that we generally do not address issues not raised below. It is also true that, unlike the adverse party in *Moreland, supra,*

the appellee in this case did not raise any objections or make any motions to strike, even at the appellate level. However, the appellee's failure to object and the trial court's failure to recognize this issue at the outset should not inure to the benefit of a party whose actions violate Arkansas law and fly in the face of our rules. Moreover, an affirmance here will produce an anomaly in the caselaw: an out-of-state corporation, represented by a person not licensed to practice law, will prevail at the municipal, circuit, and appellate levels, despite its clear violation of Arkansas law and its failure to comply with this court's abstracting requirements. We refuse to sanction such a precedent  that would offend the dignity of our judicial process and would encourage the unauthorized practice of law.

At every level of the judicial process, judges are duty-bound to protect the integrity of our court system. We recognize that the appellant will still receive the judgment awarded below. Nonetheless, our decision rests on the view, well-established by the authorities cited herein, that the unauthorized practice of law by a corporation is a serious matter that should not be countenanced. Accordingly, we dismiss this appeal.

Appeal dismissed.

ROGERS and HART, JJ., agree.