CONCRETE WALLSYSTEMS of ARKANSAS, INC. *v.*
MASTER PAINT INDUSTRIAL COATING CORPORATION

CA 05-1046                                       233 S.W.3d 157

Court of Appeals of Arkansas
Opinion delivered March 22, 2006

Appeal from Garland Circuit Court; *Vicki Cook*, Judge; reversed and remanded.

*Montgomery, Adams & Wyatt, PLC*, by: *James W. Wyatt*, for appellant.

R OBERT J. GLADWIN, Judge. In this one-brief case, appellant, Concrete Wallsystems of Arkansas, Inc. (Concrete), appeals from the trial court's refusal to strike the answer of appellee, Master Paint Industrial Coating Corporation (Master Paint), and from

the trial court's dismissal of Concrete's complaint for lack of jurisdiction over Master Paint. We reverse and remand on both points.

There is no material dispute as to the relevant facts. Concrete is an Arkansas corporation, and Master Paint is a Kansas corporation with no offices, agents, or employees in Arkansas. On or about September 2, 2003, Concrete agreed to purchase a stucco-like product from Master Paint. At various points, Concrete's representatives went to Kansas, where they wrote a post-dated $13,400 check to pay for their purchase, received training on the application of the product, and made arrangements to pick up materials and equipment. A Master Paint representative made one trip to Arkansas to instruct Concrete on the application of the product.

Concrete used the product to build a wall around a subdivision in Garland County. However, according to Concrete, the product did not perform as represented and Master Paint failed to correct the problem, despite promises to do so. As a result, Concrete stopped payment on the $13,400 check. When that occurred, Master Paint filed a materialman's lien in Garland County on the realty where the product was used. Attached to the filing was an invoice showing that Concrete owed Master Paint $13,400.50.

Thereafter, Concrete filed a complaint against Master Paint in Garland County Circuit Court, alleging that Master Paint's sale of a defective product and subsequent filing of a lien caused Concrete to suffer damages in excess of $17,000. Master Paint was served on June 25, 2004, and filed a timely answer questioning Arkansas's jurisdiction over it. However, the answer was filed on Master Paint's behalf by its president, Forouhar Vahdat, who is not an attorney. As a result, Concrete moved on January 6, 2005, to strike the answer. Master Paint then hired an Arkansas attorney, who filed an amended answer on February 11, 2005, urging that the complaint be dismissed for lack of personal jurisdiction.

Following a hearing, the trial court imposed a $500 sanction on Master Paint rather than grant what it called the "extreme relief" of striking the answer.[1] The court then granted Master Paint's motion to dismiss for lack of personal jurisdiction, noting that Master Paint owned no real property in Arkansas; had no

---

[1] The court stated that the $500 was to be paid as an attorney fee to Concrete. This was apparently an exercise of the court's contempt power. *See* Ark. Code Ann. § 16-22-209

employees, subsidiaries, representatives, or satellite offices in Arkansas; and had made only one brief visit to Arkansas for training purposes. The court also ruled that Master Paint's lien filing in Arkansas did not create a basis for personal jurisdiction. Concrete now appeals from the denial of its motion to strike and from the trial court's dismissal of its complaint for lack of personal jurisdiction.

■ We first address Concrete's argument that the trial court should have stricken Master Paint's initial answer, which was filed by its president, Forouhar Vahdat. We agree that the answer should have been stricken. Under Arkansas law, a corporation must be represented by a licensed attorney; it cannot be represented by a corporate officer who is not a licensed attorney. *See, e.g., All City Glass & Mirror, Inc. v. McGraw Hill Info. Sys. Co.*, 295 Ark. 520, 750 S.W.2d 395 (1988); *Roma Leathers, Inc. v. Ramey*, 68 Ark. App. 1, 2 S.W.3d 82 (1999). Further, our supreme court has held that a pleading filed by one who is not licensed to practice law in Arkansas is a nullity and that the unauthorized filing is not an *"amendable defect." Preston v. Univ. of Ark.*, 354 Ark. 666, 677-78, 128 S.W.3d 430, 436-37 (2003) (citing *Davenport v. Lee*, 348 Ark. 148, 72 S.W.3d 85 (2002)). Thus, while we understand the trial court's concern about imposing an extreme measure on Master Paint, the above authorities require that Master Paint's initial answer be stricken. It was filed by a person who was not authorized to practice law and was consequently a nullity, and this infirmity was not cured by the subsequent filing of an answer by retained counsel. We therefore conclude that the trial court erred on this point.

The practical application of our ruling is that Master Paint now has no initial responsive pleading of record other than its amended answer, which was filed more than seven months after Master Paint was served with process, making it untimely. *See* Ark. R. Civ. P. 12(a)(1) (2005) (allowing a non-resident thirty days from the time of service in which to file an answer or other initial responsive pleading). Nevertheless, Master Paint's defense of lack of personal jurisdiction remains viable and must be addressed in this appeal. Even an untimely answer may be adequate to preserve the defense of lack of personal jurisdiction, where, as here, it raises

---

(Repl. 1999), which provides that every person who shall attempt to practice law without being licensed shall be deemed guilty of contempt and punished accordingly.

that defense. *See Dunklin v. First Magnus Fin. Corp.*, 79 Ark. App. 246, 86 S.W.3d 22 (2002); *J&V Rest. Supply & Refrig., Inc. v. Supreme Fixture Co.*, 76 Ark. App. 505, 69 S.W.3d 881 (2002).

Under Arkansas's long-arm statute, our courts have jurisdiction of all persons and causes of action to the maximum extent permitted by the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Ark. Code Ann. § 16-4-101(B) (Repl. 1999). We determine whether jurisdiction can be exercised over a nonresident defendant by ascertaining whether the defendant has established sufficient minimum contacts with the State of Arkansas, such that the assumption of jurisdiction does not offend traditional notions of fair play and substantial justice. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945); *Davis v. St. Johns Health Sys., Inc.*, 348 Ark. 17, 71 S.W.3d 55 (2002). Additionally, attention must be paid to the quality and nature of those contacts and to whether the nonresident, through those contacts, has enjoyed the benefits and protections of Arkansas laws. *See Davis, supra.*

We also take into account whether the nonresident's conduct and connection with Arkansas are such that he can "reasonably anticipate being haled into court" here, *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980), and whether he has purposefully directed his activities toward Arkansas residents or availed himself of the privilege of conducting activities in Arkansas. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985); *John Norrell Arms, Inc. v. Higgins*, 332 Ark. 24, 962 S.W.2d 801 (1998). Finally, our supreme court has recognized that personal jurisdiction may be exercised over a nonresident even though he has had only one contact with the forum state. *John Norrell Arms, Inc., supra* (citing *Burger King Corp., supra*).

After considering the foregoing principles, we conclude that the trial court erred in dismissing Concrete's complaint for lack of personal jurisdiction. Although Master Paint had few, if any, ordinary business contacts with Arkansas, it had one contact that was sufficient to subject it to the jurisdiction of our courts — it filed a lien in the Garland County Circuit Court on real property located in Arkansas. In doing so, Master Paint invoked the jurisdiction of the State of Arkansas for its own benefit and sought the assistance and protection of our courts and laws in resolving its controversy with Concrete, an Arkansas company. The lien filing also shows that Master Paint purposefully directed its activities at the State of Arkansas and availed itself of the privilege of conduct-

ing activities here. *See Burger King Corp., supra; Davis, supra.* Further, because a lien filing is often a prelude to further litigation, *see, e.g.,* Ark. Code Ann. § 18-44-127 (Repl. 2003) (providing that a court shall ascertain by fair trial the amount of indebtedness for which the lien is prosecuted and may render judgment), Master Paint could reasonably anticipate being "haled into court" in Arkansas. *World-Wide Volkswagen Corp., supra.* Under these circumstances, the Garland County Circuit Court's exercise of jurisdiction over Master Paint would not offend traditional notions of fair play and substantial justice, as required by the Due Process Clause of the Fourteenth Amendment. *See Int'l Shoe Co., supra.*

Before leaving this issue, however, we believe it is necessary to distinguish the case of *John Norrell Arms, Inc., supra.* There, an Oklahoma resident, Higgins, obtained an Oklahoma judgment against an Arkansas resident, Seslar, and registered the judgment in Carroll County, Arkansas. Thereafter, Higgins was sued in Pulaski County by a third party, Norrell Arms, who asserted ownership of some of the goods that were the subject of the Oklahoma judgment. Higgins successfully challenged the Pulaski County court's jurisdiction over him, and our supreme court affirmed, ruling that Higgins's registration of the Oklahoma judgment in Arkansas was but a "brief encounter" that would not merit the exercise of jurisdiction over Higgins. *John Norrell Arms, Inc.,* 332 Ark. at 29, 962 S.W.2d at 804.

Despite the similarity between *John Norrell Arms* and the present case, there are significant differences between the two. First, we observe that the present case involves a lien on real property that is irrevocably situated in the State of Arkansas. The subject of the court filing in *John Norrell Arms* was moveable, personal property that, according to the Pulaski County court, might no longer have been in Arkansas. More importantly, there is no indication that, when the nonresident in *John Norrell Arms* filed his foreign judgment in Arkansas, he could reasonably anticipate becoming embroiled in other litigation here. By contrast, Master Paint's lien filing in this case was directed at a party with whom it had an ongoing business dispute, and Master Paint invoked the jurisdiction of the Arkansas courts to resolve that dispute. Additionally, as we stated earlier, the filing of a lien often precedes further litigation. *See, e.g.,* Ark. Code Ann. § 18-44-127 (Repl. 2003). The filing of a foreign judgment, on the other hand, occurs

at the conclusion of litigation and is frequently a mere collection device employed after the issues have been resolved.

In light of the foregoing, we reverse the trial court's refusal to strike Master Paint's original answer, and we reverse its dismissal of Concrete's complaint for lack of personal jurisdiction. The case is remanded for further proceedings consistent with this opinion.

PITTMAN, C.J., and BAKER, J., agree.