SMITHCO INVESTMENTS of WEST MEMPHIS, INC. & Smithco of Fort Smith, Inc. *v.* MORGAN KEEGAN & CO., INC.

07-678                                              261 S.W.3d 454

Supreme Court of Arkansas
Opinion delivered September 6, 2007

*Paul Johnson, Jr.*, for appellant.

*Cross, Gunter, Witherspoon & Galchus, P.C.*, by: *David B. Vandergriff*, for appellee.

PER CURIAM. On June 27, 2007, Appellee Morgan Keegan & Co., Inc. (Morgan Keegan), filed a motion to dismiss the appeal of Appellants Smithco Investments of West Memphis, Inc. and

Smithco of Fort Smith, Inc. (Smithco) with our court. Morgan Keegan argues that Smithco's appeal should be dismissed because the notice of appeal was signed by Smithco's CEO who is not an attorney. We grant the motion to dismiss appeal.

On May 4, 2007, the Sebastian County Circuit Court entered a judgment in favor of Morgan Keegan. On June 4, 2007, Smithco filed a notice of appeal. Attorney Paul Johnson represented Smithco during the trial in the circuit court. However, the notice of appeal was not signed by an attorney, but rather it was signed by Smithco's CEO, Phil Smith. Morgan Keegan argues that the notice of appeal is a nullity because it was not signed by an attorney, and requests that we dismiss the appeal.

We have held that corporations must be represented by licensed attorneys. *See McAdams v. Pulaski County Circuit Court*, 330 Ark. 848, 956 S.W.2d 869 (1997); *All City Glass & Mirror, Inc. v. McGraw Hill Information Sys. Co.*, 295 Ark. 520, 750 S.W.2d 395 (1988); *Arkansas Bar Assn. v. Union Nat'l Bank*, 224 Ark. 48, 273 S.W.2d 408 (1954). Further, we have held that where a party not licensed to practice law in this state attempts to represent the interests of others by submitting himself or herself to jurisdiction of a court, those actions such as the filing of pleadings, are rendered a nullity. *See Davidson Properties, LLC v Summers*, 368 Ark 283, 244 S.W.3d 674 (2006); *Davenport v. Lee*, 348 Ark. 148, 72 S.W.3d 85 (2002).

Here, Phil Smith is not an attorney and may not represent Smithco in this case. *See Abel v. Kowalsksi*, 323 Ark. 201, 913 S.W.2d 788 (1996). Therefore, we hold that the notice of appeal filed by Smith is a nullity. Further, pursuant to Rule 4 of the Arkansas Rules of Appellate Procedure–Civil, a notice of appeal must be filed within thirty days from the entry of judgment. Because no valid notice of appeal was filed within thirty days, we grant the motion to dismiss appeal.

Motion granted.

BROWN, J., not participating.