SLIP OPINION

Cite as 2015 Ark. App. 617



# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV–15–42

|  |  |
|---|---|
| | **Opinion Delivered** October 28, 2015 |
| STEPHENS PRODUCTION COMPANY<br><br>APPELLANT | APPEAL FROM THE FRANKLIN COUNTY CIRCUIT COURT, NORTHERN DISTRICT [NOS. CV-13-127 and CV-13-1] |
| V. | |
| KATHY BENNETT, FRANKLIN COUNTY ASSESSOR; SYLVIA KNOLES, FRANKLIN COUNTY COLLECTOR; and FRANKLIN COUNTY, ARKANSAS<br><br>APPELLEES | HONORABLE DENNIS CHARLES SUTTERFIELD, JUDGE<br><br>DISMISSED |

## WAYMOND M. BROWN, Judge

Appellant Stephens Production Company appeals the Franklin County Circuit Court's order granting appellees' motion to dismiss. Appellant argues on appeal that the court's dismissal was an abuse of discretion. More specifically, appellant argues that (1) the trial court's dismissal on the basis of lack of jurisdiction was in error because appellant was represented in county court by a licensed attorney; (2) the court's dismissal on the basis of failure to name necessary parties was an abuse of discretion because there were no other necessary parties, and even if there were, appellant should have been given the opportunity to make them parties; and (3) the court's dismissal on the basis of exclusive Arkansas Public Service Commission jurisdiction was an abuse of discretion because appellant is not a pipeline

company or utility, and even if it was, the assessor is responsible for assessing all producing mineral interests. We dismiss due to a lack of jurisdiction.[1]

Appellant challenged the Franklin County Assessor's 2011 ad valorem tax assessment against it before the Franklin County Board of Equalization (BOE). The BOE affirmed the assessment, and appellant filed a petition to appeal to county court on October 8, 2012. The petition was signed by James Zeller, appellant's tax accounting manager. The county court entered an order on December 5, 2012, denying appellant's petition. Appellant filed a timely notice of appeal to the circuit court on January 2, 2013.

On February 1, 2013, appellant filed a complaint for declaratory judgment and injunctive relief against appellees challenging their 2011 tax assessment, which included taxes against appellant for minerals owned by Franklin County royalty owners. Appellant claimed that the royalty owners owned 12.5% of the minerals, which resulted in appellant being taxed an additional $36,390.06. Appellees filed an answer on March 5, 2013, seeking to have the case dismissed under Rule 12(b). Appellees subsequently filed a motion to dismiss and supporting brief on November 27, 2013, listing three grounds for dismissal: (1) lack of jurisdiction, because the petition to appeal to county court was filed by Zeller, a non-attorney, making that petition a nullity; (2) failure to join necessary parties (Franklin County Equalization Board and Arkansas Assessment Coordination Department); and (3) exclusive jurisdiction by the Arkansas Public Service Commission. Appellant responded on December

---

[1]This is the second time this case has been before us. We initially ordered appellant to submit a supplemental addendum to correct deficiencies. *Stephens Prod. Co. v. Bennett et al.*, 2015 Ark. App. 416.

16, 2013, stating: (1) that it had always been represented by an attorney in the proceedings; (2) that there were no other necessary parties, and even if there were, appellant should be allowed to amend its complaint; and (3) that the Public Service Commission does not assess mineral rights and has nothing to do with this case. Appellant included an affidavit by its attorney, Mark Moll. However, the affidavit was neither signed nor notarized. Appellant also included a brief in support of its response. Appellees replied on December 19, 2013, reiterating that the case should be dismissed.

Appellant also challenged the 2012 assessment against it before the BOE, which affirmed that assessment. On October 9, 2013, appellant filed a petition to appeal. Again, this petition was signed by Zeller. The county court affirmed the BOE in an order entered on November 14, 2013. Appellant filed a timely notice of appeal to circuit court on December 4, 2013. On December 20, 2013, appellant filed a complaint for declaratory judgment and injunctive relief against appellees challenging their 2012 tax assessment, under the same grounds it contested the 2011 assessment. According to this complaint, appellant was taxed an additional $33,517.51 based on the royalty owners' share of minerals. Appellant filed motions to consolidate the two cases on January 22, 2014. The court granted the motions on February 26, 2014. The court wrote a letter to the parties on September 16, 2014, stating that it found each of appellees' arguments for dismissal to be well taken. An order granting appellees' motion to dismiss was entered on September 30, 2014. Appellant filed a timely notice of appeal on October 23, 2014. This appeal followed.

We dismiss this appeal for a lack of jurisdiction. Appellant's initial petitions for appeal were null and void because they were filed in violation of Arkansas's prohibition of the unauthorized practice of law.[2] Zeller, the signer of the petitions for appeal, is not authorized to practice law in Arkansas. Additionally, a corporation may not practice law.[3] Individuals may represent themselves, but corporations may do so only through a licensed attorney.[4] Appellant maintains that it was represented by an attorney at all stages of this case; however, this does not excuse the fact that the petitions for appeal filed in county court were signed by Zeller and not its attorney. Our case law makes it clear that invoking the process of a court of law constitutes the practice of law.[5] Because Zeller was practicing law when he signed the petitions, those petitions were null and void. As a result, the county and circuit courts lacked jurisdiction. We also lack jurisdiction. Therefore, we dismiss.

Dismissed.

WHITEAKER, J., agrees.

GLOVER, J., concurs.

*Jones, Jackson & Moll, PLC*, by: *Mark Moll*, for appellant.

*James C. Mainard*, for appellees.

---

[2]*See Diamond Enters., Inc. v. Arvest Bank*, 2012 Ark. App. 710 (per curiam).

[3]Ark. Code Ann. § 16-22-211.

[4]*Roma Leathers v. Ramey*, 68 Ark. App. 1, 2 S.W.3d 82 (1999).

[5]*Id.* (citing *Ark. Bar Ass'n v. Union Nat'l Bank*, 224 Ark. 48, 273 S.W.2d 408 (1954)).