

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. E-16-82

|  |  |
|---|---|
| SUPERIOR NISSAN OF CONWAY<br>APPELLANT | **OPINION DELIVERED** MAY 25, 2016 |
| V. | APPEAL FROM THE ARKANSAS<br>BOARD OF REVIEW<br>[NO. 2015-BR-02566] |
| DIRECTOR, DEPARTMENT OF<br>WORKFORCE SERVICES, and<br>LONNY AGEE<br>APPELLEES | APPEAL DISMISSED |

## ROBERT J. GLADWIN, Chief Judge

Appellant Superior Nissan of Conway appeals from the Arkansas Board of Review's January 25, 2016 decision reversing the Appeal Tribunal and finding that the claimant Lonny Agee was entitled to benefits. We dismiss due to a lack of jurisdiction.

On February 11, 2016, Superior Nissan of Conway filed its petition for appeal with this court. The petition was signed by D'Mar Phillips, the human resources director for appellant. It is well-settled law that corporations must be represented by licensed attorneys. *Smithco Invs. of W. Memphis, Inc. v. Morgan Keegan & Co., Inc.*, 370 Ark. 477, 261 S.W.3d 454 (2007). Our supreme court has held that where a party not licensed to practice law in this state attempts to represent the interests of others by submitting himself or herself to the jurisdiction of a court, these actions, such as the filing of pleadings, are rendered a nullity. *Id.* Here, Phillips is not an attorney and may not represent Superior Nissan of Conway in this case. *Id.* Our case law makes it clear that invoking the process of a court of law

SLIP OPINION

constitutes the practice of law. *Stephens Prod. Co. v. Bennett*, 2015 Ark. App. 617. Because Phillips was practicing law when he signed the petition, the petition is null and void. Therefore, we lack jurisdiction and dismiss this appeal.

Appeal dismissed.

KINARD and GRUBER, JJ., agree.

No briefs.