

# ARKANSAS COURT OF APPEALS

DIVISION III
No. E-16-154

| | |
|---|---|
| NUCOR STEEL<br>APPELLANT<br><br>V.<br><br>DIRECTOR, DEPARTMENT OF<br>WORKFORCE SERVICES, AND<br>KEITH LEDBETTER<br>APPELLEES | Opinion Delivered September 7, 2016<br><br>APPEAL FROM THE ARKANSAS<br>BOARD OF REVIEW<br>[NO. 2016-BR-00139]<br><br>APPEAL DISMISSED |

## RAYMOND R. ABRAMSON, Judge

Appellant Nucor Steel ("Nucor"), a corporation, appeals from the Arkansas Board of Review's March 10, 2016 decision, reversing the Appeal Tribunal and finding that the claimant, Keith Ledbetter, was entitled to benefits because he was discharged from last work for reasons other than misconduct. We dismiss due to lack of jurisdiction.

On April 24, 2016, Nucor filed its petition for appeal with this court. The petition was signed by Kellie Crain, who is not a licensed attorney. It is well settled that corporations must be represented by licensed attorneys. *Smithco Invs. of W. Memphis, Inc. v. Morgan Keegan & Co.*, 370 Ark. 477, 261 S.W.3d 454 (2007). Furthermore, our supreme court has held that when a party not licensed to practice law in this state attempts to represent the interests of others by submitting himself or herself to the jurisdiction of a court, those actions, such as the filing of pleadings, are rendered a nullity. *Id.* Here, Crain is not an attorney and may not represent Nucor in this case. *Id.* Our case law makes it clear that invoking the process of a



court of law constitutes the practice of law. *Stephens Prod. Co. v. Bennett*, 2015 Ark. App. 617.

Because Crain was practicing law when she signed the petition, the petition is null and void. *Id.* As a result, we lack jurisdiction and dismiss this appeal.

Appeal dismissed.

VIRDEN and GRUBER, JJ., agree.

No briefs filed.