

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** E-17-229

| | |
|---|---|
| HARVEST RICE, INC.<br>APPELLANT<br><br>V.<br><br>DIRECTOR, DEPARTMENT OF<br>WORKFORCE SERVICES, AND<br>PATRICIA OSWALD<br>APPELLEES | **Opinion Delivered:** October 25, 2017<br><br>APPEAL FROM THE ARKANSAS<br>BOARD OF REVIEW<br>[NO. 2017-BR-00492]<br><br><br>APPEAL DISMISSED |

## BART F. VIRDEN, Judge

Appellant Harvest Rice, Inc. (Harvest Rice) appeals from the Arkansas Board of Review's May 8, 2017 decision, reversing the Appeal Tribunal and finding that the claimant, Patricia Oswald, was entitled to benefits because she was discharged from last work for reasons other than misconduct. We dismiss due to a lack of jurisdiction.

Harvest Rice filed its petition for appeal with this court on June 9, 2017. The notice of appeal was not signed by an attorney but instead was signed by Harvest Rice's Co-President and CEO, Patrick Casserly.

It is well-settled law that corporations must be represented by licensed attorneys. *Bank of Fayetteville NA v. Dir.*, 2016 Ark. App. 96. Furthermore, our supreme court has held that when a party not licensed to practice law in this state attempts to represent the interests of others by submitting himself or herself to the jurisdiction of a court, those actions, such as the filing of pleadings, are rendered a nullity. *Id.*

Here, Casserly indicated on the Petition for Review that Harvest Rice was not represented by an attorney, and he signed the petition. Because Casserly is not an attorney, he may not represent Harvest Rice in this case. *Id.* Our case law makes it clear that invoking the process of a court of law constitutes the practice of law. *Steel v. Dir.*, 2016 Ark. App. 377. Because Casserly was practicing law when he signed the petition, the petition is null and void. *Id.* As a result, we lack jurisdiction and dismiss this appeal.

Appeal Dismissed.

KLAPPENBACH and BROWN, JJ., agree.

No briefs filed.