
# ARKANSAS COURT OF APPEALS

DIVISION II
No. E-17-248

| | |
|---|---|
| DAVIS FLOOR COVERING, INC.<br>APPELLANT<br><br>V.<br><br><br>DIRECTOR, DEPARTMENT OF<br>WORKFORCE SERVICES, AND<br>ROBERT HOYL<br>APPELLEES | Opinion Delivered: November 1, 2017<br><br>APPEAL FROM THE ARKANSAS<br>BOARD OF REVIEW<br>[NO. 2017-BR-00735]<br><br><br><br><br>APPEAL DISMISSED |

## KENNETH S. HIXSON, Judge

Appellant Davis Floor Covering, Inc. ("Davis Floor, Inc."), appeals from the Arkansas Board of Review's June 15, 2017 decision, affirming the Arkansas Appeal Tribunal and finding that the claimant, Robert Hoyl, was entitled to benefits because he was discharged from employment for reasons other than misconduct connected with the work. We dismiss due to a lack of jurisdiction.

On June 26, 2017, Davis Floor, Inc., filed its petition for appeal with this court. The appellant was not represented by an attorney, and the owner of the corporation, John Davis, signed the petition for appeal with this court. It is well-settled law that corporations must be represented by licensed attorneys. *Smithco Invs. of W. Memphis, Inc. v. Morgan Keegan & Co.*, 370 Ark. 477, 261 S.W.3d 454 (2007). Furthermore, our supreme court has held that where a party not licensed to practice law in this state attempts to represent the interests of others by submitting himself or herself to jurisdiction of a court, those actions, such as the

filing of pleadings, are rendered a nullity. *Id.* Here, Davis is not an attorney and may not represent the corporation, Davis Floor, Inc., in this case. *Id.* Our case law makes it clear that invoking the process of a court of law constitutes the practice of law. *Bank of Fayetteville NA v. Dir.*, 2016 Ark. App. 96; *Stephens Prod. Co. v. Bennett*, 2015 Ark. App. 617. Because Davis was practicing law when he signed the petition, the petition is null and void. *Id.* As a result, we lack jurisdiction and dismiss this appeal.

Appeal dismissed.

GRUBER, C.J., and MURPHY, J., agree.

No briefs filed.