Cite as 2019 Ark. App. 555

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** E-19-171

| | | |
|---|---|---|
| | | **Opinion Delivered:** November 20, 2019 |
| SUPER 8 MOTEL | | |
| | APPELLANT | APPEAL FROM THE ARKANSAS BOARD OF REVIEW |
| V. | | |
| | | [NO. 2019-BR-00569] |
| DIRECTOR, DEPARTMENT OF WORKFORCE SERVICES, AND HANNAH YOUNG | | |
| | | DISMISSED |
| | APPELLEES | |

## MIKE MURPHY, Judge

Appellant Super 8 Motel (Super 8) appeals from the Arkansas Board of Review's June 27, 2019 decision finding that the claimant, Hannah Young, was entitled to benefits because she was discharged from last work for reasons other than misconduct. We dismiss due to a lack of jurisdiction.

Super 8 filed its petition for appeal with this court on July 24, 2019. The notice of appeal was not signed by an attorney but instead was signed by the general manager for the appellant's motel, Tameka Thomas.

It is well-settled law that corporations must be represented by licensed attorneys. *Bank of Fayetteville NA v. Dir.*, 2016 Ark. App. 96. Furthermore, our supreme court has held that when a party not licensed to practice law in this state attempts to represent the interests of others by submitting to the jurisdiction of a court, those actions, such as the filing of pleadings, are rendered a nullity. *Id.*

Here, Thomas indicated on the petition for review that Super 8 was not represented by an attorney, and she signed the petition. Because Thomas is not an attorney, she may not represent Super 8 in this case. *Id.* Our case law makes it clear that invoking the process of a court of law constitutes the practice of law. *Steel v. Dir.*, 2016 Ark. App. 377. Because Thomas was practicing law when she signed the petition, the petition is null and void. *Id.* As a result, we lack jurisdiction and dismiss this appeal.

Dismissed.

SWITZER and VAUGHT, JJ., agree.

2