Cite as 2026 Ark. App. 10

# ARKANSAS COURT OF APPEALS

DIVISION IV
№. E-25-120

| | |
|---|---|
| | **Opinion Delivered** January 14, 2026 |
| MOTEL 6 – UNIK GROUP<br>APPELLANT | APPEAL FROM THE ARKANSAS<br>BOARD OF REVIEW |
| V. | [NO. 2025-BR-00448] |
| DIRECTOR, DIVISION OF WORKFORCE<br>SERVICES<br>APPELLEE | DISMISSED |

## BART F. VIRDEN, Judge

Appellant Motel 6 – Unik Group (Motel 6) appeals from the Arkansas Board of Review's August 29, 2025 decision dismissing as untimely its appeal of a finding that the claimant, Leporche Reed, was entitled to benefits because she was discharged from last work for reasons other than misconduct. We dismiss due to a lack of jurisdiction.

Motel 6 filed its petition for appeal with this court on September 18, 2025. The notice of appeal was signed by S. Bhakta. Bhakta is not an attorney licensed to practice in Arkansas. It is well-settled law that corporations must be represented by licensed attorneys. *IHOP #1914 v. Dir.*, 2023 Ark. App. 102. Furthermore, our supreme court has held that when a party not licensed to practice law in this state attempts to represent the interests of others by

submitting to the jurisdiction of a court, those actions, such as the filing of pleadings, are rendered a nullity. *Id.*

Here, Bhakta stated on the petition for review that Motel 6 was not represented by an attorney, and Bhakta signed the petition. Bhakta, a nonattorney, may not represent Motel 6 in this case. *Id.* Our case law makes it clear that invoking the process of a court of law constitutes the practice of law. *Steel v. Dir.*, 2016 Ark. App. 377. Because Bhakta was practicing law by signing the petition, the petition is null and void. *Id.* As a result, we lack jurisdiction and dismiss this appeal. *See Super 8 Motel v. Dir.*, 2019 Ark. App. 555.

Dismissed.

BARRETT and THYER, JJ., agree.

*S. Bhakta*, pro se appellant.

*Cynthia L. Uhrynowycz*, for appellee.