Cite as 2026 Ark. App. 355

# ARKANSAS COURT OF APPEALS
## DIVISION IV
### No. E-26-42

| | |
|---|---|
| HARDING LOGISTICS INC. | Opinion Delivered  May 20, 2026 |
| | APPEAL FROM THE ARKANSAS |
| APPELLANT | BOARD OF REVIEW |
| | |
| V. | [NO. 2026-BR-00026] |
| | |
| DIRECTOR, DIVISION OF WORKFORCE SERVICES | DISMISSED |
| APPELLEE | |

### WAYMOND M. BROWN, Judge

The claimant, Michael Kirkham, timely appealed to the Appeal Tribunal an Agency determination denying his application for unemployment benefits because he had quit his last job without good cause connected to the work. The Tribunal affirmed the denial of benefits, so Kirkham appealed that decision to the Board of Review. On February 19, 2026, the Board issued its decision reversing the Tribunal's decision and granted Kirkham, the claimant, unemployment benefits. The employer, Harding Logistics Inc., timely appealed that decision to this court. We dismiss for lack of jurisdiction.

On March 16, 2026, Harding Logistics filed its petition with this court. This petition was signed by Randy Harding, the president of the company, who is not a licensed attorney. Our supreme court has held that when a party not licensed to practice law in this state

attempts to represent the interests of others by submitting to the jurisdiction of a court, those actions, such as the filing of pleadings, are rendered a nullity.[1]

Additionally, Harding indicated in the petition that Harding Logistics, a corporation, was not represented by an attorney. Because he is not an attorney, he cannot represent Harding Logistics in this case.[2] It is well settled that invoking the process of a court of law constitutes the practice of law.[3] Therefore, since Harding is not an attorney and was practicing law when he signed the petition, the petition is null and void.[4] As a result, we lack jurisdiction and dismiss this appeal.

Dismissed.

ABRAMSON and MURPHY, JJ., agree.

*Randy Harding*, pro se appellant.

*Cynthia L. Uhrynowycz*, for appellee.

---

[1]*Nirvana Med. Spa v. Dir.*, 2024 Ark. App. 284 (citing *IHOP #1914 v. Dir.*, 2023 Ark. App. 102 (holding that corporations must be represented by licensed attorneys)).

[2]*Id.*

[3]*Super 8 Motel v. Dir.*, 2019 Ark. App. 555.

[4]*Id.*