CLARENDON AMERICA INSURANCE COMPANY *v.*
George HICKOK, Stone Express, P.A.M. Transport, Inc.,
and Liberty Mutual Insurance Company

06-889                                                    257 S.W.3d 43

Supreme Court of Arkansas
Opinion delivered May 10, 2007

[Rehearing denied June 14, 2007.*]

*Davis, Wright, Clark, Butt & Carithers, PLC,* by: *Constance G. Clark;* and *Gibson, McClure, Wallace & Daniels,* by: *Jay M. Wallace,* for appellant.

*Warner, Smith & Harris, PLLC,* by: *Wayne Harris,* for appellee P.A.M. Transport, Inc.

*Ledbetter, Cogbill, Arnold & Harrison, LLP,* by: *James A. Arnold, II,* and *Jeffrey D. Rickard,* for appellee Liberty Mutual Insurance Company.

---

* DANIELSON, J., not participating.

ANNABELLE CLINTON IMBER, Justice. We assumed the instant case from the Arkansas Court of Appeals, pursuant to Ark. Sup. Ct. R. 1-2 (a)(5) and (d)(1) (2006), for the limited purpose of determining a jurisdictional issue: whether counsel for Appellant Clarendon America Insurance Company (Clarendon America) engaged in the unauthorized practice of law. This case arises out of a dispute between Appellant Clarendon America and Appellees P. A. M. Transport, Inc. (P.A.M.) and Liberty Mutual Insurance Company (Liberty Mutual) as to which company is liable for the payment of workers' compensation benefits to Appellee George Hickok. The events relevant to our analysis of the jurisdictional issue are detailed below:

- On April 12, 2005, the Administrative Law Judge (ALJ) entered an order substituting Jay M. Wallace, an attorney licensed to practice law in Texas, as Clarendon America's counsel.

- The ALJ entered findings that P. A. M. and Liberty Mutual were liable for Hickok's injuries.

- P. A. M. and Liberty Mutual appealed the ALJ's decision to the full Workers' Compensation Commission.

- On May 3, 2006, the Commission reversed the ALJ in part, finding Clarendon America liable for Hickok's injuries.

- On May 30, 2006, Wallace filed a notice of appeal, on behalf of Clarendon America, in the Workers' Compensation Commission, which notice contained an incorrect caption.

- On June 6, 2006, Wallace filed a corrected notice of appeal in the Workers' Compensation Commission.

- On July 20, 2006, in response to an inquiry, the Clerk of the Supreme Court sent a letter to P. A. M and Liberty Mutual's counsel confirming that Wallace was not licensed to practice law in Arkansas.

- On July 28, 2006, Constance G. Clark, an attorney licensed to practice law in Arkansas, filed an entry of appearance as counsel for Clarendon America Insurance in the Workers' Compensation Commission.

- On August 10, 2006, P. A. M. and Liberty Mutual filed a motion to dismiss Clarendon America's appeal in the Arkansas Court of

Appeals, arguing that Wallace engaged in the unauthorized practice of law when he filed the notices of appeal without filing a motion *pro hac vice.*

- On August 17, 2006, Clarendon America filed its response to the motion to dismiss, asserting that the motion was without merit. Clarendon America attached the following exhibits to its response: (1) an affidavit from Wallace stating that he was licensed to practice in Texas's state and federal courts, was in good standing with the Texas bar, submitted to the Arkansas rules of discipline, and that Arkansas attorneys would be allowed to practice in Texas through comity; (2) a copy of Texas's rule concerning comity to nonresident attorneys; (3) a copy of Constance G. Clark's entry of appearance.

- On August 30, 2006, the court of appeals initially denied the motion to dismiss, and the record was lodged in that court.

- Between October and December 2006 briefing commenced, and, on April 11, 2007, the court of appeals requested certification of the jurisdictional issue to this court.

Admission to the bar of Arkansas and the practice of law in this state is governed by Ark. Code Ann. §§ 16-22-201 through 16-22-212 (Repl. 1999 & Supp. 2005). Section 16-22-206 states "[n]o person shall be licensed or permitted to practice law in any of the courts of record of this state until he has been admitted to practice by the Supreme Court of this state." "Every person who shall attempt to practice law in any court of record without being licensed, sworn, and registered, as required in this subchapter, shall be deemed guilty of a contempt of court and shall be punished as in other cases of contempt." Ark. Code Ann. § 16-22-209 (Repl. 1999).

An attorney licensed to practice law in another state, however, can practice law in Arkansas, for a limited period, if he or she complies with Rule XIV of the Arkansas Rules Governing Admission to the Bar. According to Rule XIV,

> [a] lawyer residing outside the State of Arkansas *who has been admitted to practice law in* the Supreme Court of the United States or in the United States Court of Appeals for the circuit in which the attorney resides or in the Supreme Court or *highest appellate court of the state of the attorney's residence,* and *who is in good standing in the court of the*

*attorney's admission*, will be permitted by comity and by courtesy to appear, file pleadings, and conduct the trial of cases in all courts of the State of Arkansas. However, any trial court may require such nonresident attorney to associate a lawyer residing and admitted to practice in the State of Arkansas upon whom notices may be served and may also require that the Arkansas lawyer associated be responsible to the court in which the case is pending for the progress of the case, insofar as the interest represented by the Arkansas lawyer and the nonresident lawyer is concerned.

*Unless the State in which the said nonresident lawyer resides likewise accords similar comity and courtesy to Arkansas lawyers who may desire to appear and conduct cases in the courts of that State*, this privilege will not be extended to such nonresidential lawyer.

A nonresident lawyer will not be permitted to engage in any case in an Arkansas court unless *a written statement is filed with the court in which the nonresident lawyer submits to all disciplinary procedures applicable to Arkansas lawyers.*

Bar Admis. R. XIV (2006) (emphasis added).

Here, the issue is whether Wallace engaged in the unauthorized practice of law in Arkansas. Although the court of appeals initially denied Appellees' motion to dismiss, we can address the issue of the appellate court's subject matter jurisdiction over an appeal sua sponte. *See Myers v. Yingling*, 369 Ark. 87, 251 S.W.3d 287 (2007).

Appellees argue that Wallace was engaging in the unauthorized practice of law when he filed the notices of appeal because Wallace had not filed a motion pro hac vice with this court prior to filing the notices. Citing our past case law, Appellees submit that the notices of appeal were a nullity because Wallace was unauthorized to practice law, and the court of appeals never obtained jurisdiction over the appeal. *See Preston v. University of Arkansas for Medical Sciences*, 354 Ark. 666, 128 S.W.3d 430 (2003). Because the thirty-day time period for filing the appeal has elapsed and the notices should be deemed a nullity, Appellees urge this court to dismiss Clarendon America's appeal. *See* Ark. Code Ann. § 11-9-711(b) (Supp. 2005).

In response, Appellant first contends that Wallace was not required to file a formal motion pro hac vice because the notices of appeal were filed with the Workers' Compensation Commission,

which is an administrative forum and not a court. Appellant also asserts that the Commission does not follow the traditional rules of procedure and therefore Wallace was not required to file a motion pro hac vice in that forum. In the alternative, Appellant argues that, even if Wallace was required to file a motion pro hac vice, Wallace substantially complied with Rule XIV when he associated Arkansas counsel and when he attached his affidavit and the Texas comity rule to the response to the motion to dismiss. Appellant suggests that Wallace thereby cured any alleged defect in the interim between the filing of the notices of appeal and the lodging of the record in the court of appeals.[1]

In *Arkansas Bar Association v. Union Bank of Little Rock*, 224 Ark. 48, 273 S.W.2d 408 (1954), this court defined what constitutes the practice of law:

> We do hold however that when one appears before a court of record for the purpose of transacting business with the court in connection with any pending litigation or when any person seeks to invoke the processes of the court in any matter pending before it, that person is engaging in the practice of law. To us this conclusion is obvious. Courts are constituted for the purpose of interpreting and administrating the laws passed by the law making body and the rules announced by the judiciary, and they must necessarily be governed in their operation by rules of procedure. Attorneys are officers of the court and are able by special training and practice to know the law and rules of procedure, and are thereby in position to render a service to the court. *Therefore any one who assumes the role of assisting the court in its process or invokes the use of its mechanism is considered to be engaged in the practice of law.*

> . . . .

> We make it clear at this point that we are not holding that other activities aside from appearing in court do not constitute practicing law. It is uniformly held that many activities, such as writing and interpreting wills, contracts, trust agreements and the giving of legal advice in general, constitute practicing law.

---

[1] Appellant also asserts that Appellees waived any objection to Wallace's representation of Clarendon America because Appellees did not raise their objection in the proceedings before the Commission. However, Appellant ignores our longstanding rule that a court can consider the issue of subject-matter jurisdiction sua sponte. *See Myers v. Yingling, supra.*

*Id.* at 53-55, 273 S.W.2d at 411-12 (emphasis added). We have concluded that a person was attempting to practice law when a person who was not a lawyer filed a notice of appeal on another person's behalf. *See Shoemate v. State*, 339 Ark. 403, 5 S.W.3d 446 (1999).

■ Regardless of whether the Workers' Compensation Commission is considered to be a "court of record" or whether Wallace was authorized to appear before the Commission, Wallace engaged in the unauthorized practice of law when he filed the notices of appeal. By the act of filing the notices of appeal, Wallace sought judicial review of the Commission's decision and thereby attempted to "invoke the use of the appellate court mechanism" in Arkansas. The next question for us to consider is whether Wallace was authorized to practice law in this state.

The prohibition against the unauthorized practice of law exists not only to insure professional competence, but also to protect the public from relying upon the legal counsel of persons who are not bound by the professional standards of conduct that are imposed upon those practicing law in this state. *Undem v. State Board of Law Examiners*, 266 Ark. 683, 587 S.W.2d 563 (1979). We have held that it is mandatory for a nonresident attorney to file a motion pro hac vice, in compliance with Rule XIV, in order to obtain authority to practice in the courts of Arkansas. *See Fisher v. State*, 364 Ark. 216, 217 S.W.3d 117 (2005).

Pursuant to Rule XIV a nonresident attorney must (1) prove that he or she has been admitted to practice in either the United States Supreme Court, the federal circuit court of appeals for the circuit in which he or she resides, or the highest state appellate court of the attorney's home state; (2) show that he or she is in good standing with those courts; (3) prove that his or her home state would offer similar comity and courtesy to Arkansas attorneys; and (4) submit to the disciplinary procedures applicable to Arkansas lawyers in a written statement filed with the court. Bar Admis. R. XIV (2006). A court may also require a nonresident attorney to associate a lawyer residing in and admitted to practice in Arkansas as a condition of practicing in that court. *Id.*

Although Wallace did associate an Arkansas attorney and did eventually submit the information required under Rule XIV to the court of appeals, Wallace failed to do either before he filed the notices of appeal, and, therefore, his later curative attempts were ineffectual. Moreover, Wallace did not associate Arkansas counsel until almost a month after the deadline for filing an appeal had

elapsed, and he did not submit the requisite information under Rule XIV until faced with an impending motion to dismiss.

■ We have repeatedly held that when a person not licensed to practice law in this state attempts to represent the interests of another by submitting himself or herself to the jurisdiction of a court, the pleadings filed by that person are rendered a nullity. *See Preston v. University of Arkansas for Medical Sciences*, 354 Ark. 666, 128 S.W.3d 430 (2003); *Davenport v. Lee*, 348 Ark. 148, 72 S.W.3d 85 (2002); *see also McKenzie v. Burris*, 255 Ark. 330, 500 S.W.2d 357 (1973). Accordingly, the notices of appeal that Wallace filed on behalf of Clarendon America must be deemed a nullity. Because the notices of appeal are a nullity and the deadline for filing an appeal under Ark. Code Ann. § 11-9-705 has lapsed, we dismiss the instant appeal with prejudice.

Appeal dismissed.

DANIELSON, J., not participating.