SLIP OPINION

Cite as 2017 Ark. 335

# SUPREME COURT OF ARKANSAS

No. CV–16–994

|  |  |
|---|---|
| USAC LEASING, LLC, AND USAC LEASING 2, LLC<br><br>APPELLANTS<br><br>V.<br><br>ANGELA HILL, IN HER OFFICIAL CAPACITY AS FAULKNER COUNTY ASSESSOR; FAULKNER COUNTY BOARD OF EQUALIZATION; FAULKNER COUNTY, ARKANSAS; FAULKNER COUNTY TREASURER; AND FAULKNER COUNTY TAX COLLECTOR<br><br>APPELLEES | **Opinion Delivered:** November 30, 2017<br><br>APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT<br>[NO. 23CV-2015-1215]<br><br>HONORABLE MIKE MURPHY, JUDGE<br><br><br><br>AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

This case is one of four related cases raising the same question: Can a nonlawyer appeal a tax assessment to a county court on behalf of a corporation? Following the reasoning set forth in *Desoto Gathering Co. v. Hill*, 2017 Ark. 326 (CV-16-990), we conclude that the filing by the nonlawyer was a nullity and deprived the county court of jurisdiction. We therefore affirm the judgment of the circuit court that reached the same conclusion.

The relevant facts for this case are as follows. USAC Leasing, LLC, and USAC Leasing 2, LLC ("USAC"), own gas compressors located in Faulkner County. The Faulkner County Assessor determined the assessed value of the compressors for the 2015 tax year.

USAC appealed the assessment to the Faulkner County Court by letters file-marked on October 13, 2015. The letters were signed by Ashley Griggers, a USAC representative but not an attorney. The county court upheld the assessments by order on November 6, 2015, and by an amended order on November 24, 2015.

USAC then filed a notice of appeal to the Faulkner County Circuit Court. The notice of appeal was filed by a licensed attorney. USAC followed up by filing a complaint. The Faulkner County Assessor, the Faulkner County Board of Equalization, the Faulkner County Treasurer, and the Faulkner County Tax Collector ("the County") responded with a motion to dismiss, arguing that the circuit court lacked jurisdiction. Based on a recently decided court of appeals decision, *Stephens Production Co. v. Bennet*, 2015 Ark. App. 617, the County argued that the notice of appeal to the county court, signed by Griggers, a nonlawyer, constituted the unauthorized practiced of law. Thus, the petition to appeal to the county court was rendered a nullity, depriving it, and consequently the circuit court, of jurisdiction. The circuit court agreed and dismissed the case. USAC has now filed this appeal.

USAC presents three arguments on appeal: (1) the County waived its right to contest the issue because it failed to object until after the case had reached the circuit court; (2) *Stephens* was wrongly decided and Griggers's petition did not constitute the unauthorized practice of law; and (3) if *Stephens* is upheld, it should have only prospective application. As we have discussed in *Desoto Gathering*, *supra*, Griggers's letter is rendered a nullity because she is a nonlawyer yet invoked the process of a court. The county court therefore never

acquired jurisdiction over USAC's appeal. This consequently deprived the circuit court of jurisdiction. We affirm the circuit court's judgment dismissing the case.

Affirmed.

HART, J. dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** I dissent for the reasons set forth in *Desoto Gathering Co., LLC v. Hill*, 2017 Ark. 326.

*Elias, Books, Brown & Nelson, P.C.*, by: *William K. Elias*, for appellants.

*Taylor & Taylor Law Firm, P.A.*, by: *Andrew M. Taylor* and *Tasha C. Taylor*, for appellees.