SLIP OPINION

Cite as 2017 Ark. 329

# SUPREME COURT OF ARKANSAS

No. CV–16–1000

| | |
|---|---|
| | **Opinion Delivered:** November 30, 2017 |
| USAC LEASING, LLC, AND USAC LEASING 2, LLC<br><br>APPELLANTS | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CV-13-1008] |
| V. | HONORABLE MICHAEL MURPHY, JUDGE |
| ANGELA HILL, FAULKNER COUNTY ASSESSOR; FAULKNER COUNTY BOARD OF EQUALIZATION; FAULKNER COUNTY TREASURER; AND FAULKNER COUNTY TAX COLLECTOR<br><br>APPELLEES | AFFIRMED. |

**COURTNEY HUDSON GOODSON, Associate Justice**

Appellants USAC Leasing, LLC, and USAC Leasing 2, LLC (collectively, "USAC") appeal from the Faulkner County Circuit Court's order granting the motion to dismiss filed by appellees Angela Hill, in her official capacity as Faulkner County Assessor; the Faulkner County Board of Equalization, Faulkner County, Arkansas; the Faulkner County Treasurer; and the Faulkner County Tax Collector (collectively, "Hill"). For reversal, USAC argues that (1) the circuit court erred by finding that USAC's representative committed the unauthorized practice of law by signing a petition to appeal its ad valorem tax assessment to the county court; (2) even if the unauthorized practice of law occurred, USAC's appeal petition to the county court was not null and void because no objection to the company's

representation was made in the county court; and (3) even if the objection to USAC's representation was timely made, the decision should have only prospective application. We affirm the circuit court's dismissal.

USAC, which owns and leases gas compressors that are subject to ad valorem property tax in Faulkner County, Arkansas, challenged the Faulkner County Assessor's 2013 and 2014 ad valorem tax assessments before the Faulkner County Board of Equalization ("BOE"). The BOE affirmed the assessments, and USAC appealed to the Faulkner County Court. The letters and/or petitions to appeal, filed on October 7, 2013, and October 6, 2014, were signed by Ashley Clark (now Ashley Griggers), USAC's corporate tax representative, who is not an attorney. The county court upheld the assessments in each of the cases, and USAC then appealed the county court's decisions to the Faulkner County Circuit Court. The two cases were eventually consolidated by the circuit court in August 2015.

On November 5, 2015, Hill filed a motion to dismiss USAC's appeals of the 2013 and 2014 assessments. Hill argued that Clark, by signing the petitions for appeal to the county court on behalf of USAC, had committed the unauthorized practice of law under Arkansas Code Annotated section 16-22-211 because a corporation or its nonattorney officers or employees on its behalf are not authorized to practice law in Arkansas. Hill asserted that due to Clark's actions in signing the petitions for appeal, the petitions were null and void and that USAC had failed to perfect valid appeals to the county court. Furthermore, Hill contended that because the county court never had jurisdiction of the ad valorem appeals, the circuit court did not have jurisdiction to hear the appeals.

2

USAC responded that Hill's argument was contrary to the provisions in Arkansas's tax code authorizing a property owner to challenge ad valorem tax assessments and to the longstanding practice by counties and taxpayers to treat county court proceedings as administrative and informal in nature, such that it did not commit the unauthorized practice of law by having Clark sign the appeal petitions to county court. USAC also argued that Hill's objection was untimely and had been waived because it was not raised in the county court proceedings.

A hearing on the motion to dismiss was held on December 9, 2015, and on August 16, 2016, the circuit court entered an order granting Hill's motion and dismissing the ad valorem appeals. The court, relying on the court of appeals' decision in *Stephens Production Co. v. Bennett*, 2015 Ark. App. 617, found that USAC's petitions to appeal to the county court constituted the unauthorized practice of law and that it therefore lacked jurisdiction to hear the appeals currently before it. The court rejected USAC's argument that Hill had waived her argument by failing to raise her objection before the county court, stating that subject–matter jurisdiction is always open to challenge and cannot be waived. USAC filed a timely notice of appeal from the circuit court's order of dismissal.

On appeal, USAC argues that the circuit court erred by finding that USAC had committed the unauthorized practice of law by having a nonlawyer sign its petitions to appeal to county court. Furthermore, USAC contends that even if the unauthorized practice of law occurred, Hill failed to timely object to the unauthorized practice. Finally, USAC asserts that, even if this court concludes that Hill's objection was timely and that the appeal petitions were a nullity, our decision should only be applied prospectively. For the

SLIP OPINION

reasons expressed in our opinion issued today in *DeSoto Gathering Co., LLC v. Hill*, 2017 Ark. 326, we disagree with USAC's arguments, and we affirm the circuit court's dismissal.

Affirmed.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** I dissent for the reasons set forth in *Desoto Gathering Co., LLC v. Hill*, 2017 Ark. 326.

*Elias, Books, Brown & Nelson, P.C.*, by: *William K. Elias*, for appellants.

*Taylor & Taylor Law Firm, P.A.*, by: *Andrew M. Taylor* and *Tasha C. Taylor*, for appellees.