SLIP OPINION

Cite as 2017 Ark. 326

# SUPREME COURT OF ARKANSAS

No. CV–16–990

|  |  |
|---|---|
| DESOTO GATHERING COMPANY LLC; DESOTO DRILLING<br><br>APPELLANTS<br><br>V.<br><br><br>ANGELA HILL, FAULKNER COUNTY ASSESSOR; FAULKNER COUNTY BOARD OF EQUALIZATION; FAULKNER COUNTY TREASURER; FAULKNER COUNTY TAX COLLECTOR<br><br>APPELLEES | Opinion Delivered November 30, 2017<br><br>APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CV-15-1218]<br><br>HONORABLE TROY B. BRASWELL, JUDGE<br><br>AFFIRMED. |

**KAREN R. BAKER, Associate Justice**

Appellants, DeSoto Gathering Company LLC and DeSoto Drilling, Inc. (hereinafter "DeSoto"), appeal from the Faulkner County Circuit Court's order granting the motion to dismiss filed by appellees Angela Hill, in her official capacity as Faulkner County Assessor; the Faulkner County Board of Equalization, Faulkner County, Arkansas; the Faulkner County Treasurer; and the Faulkner County Tax Collector (hereinafter "Hill").[1] DeSoto owns gas compressors, gas-gathering systems, and related equipment and operates in Faulkner County, Arkansas. DeSoto filed petitions for appeal from the August 24, 2015 Faulkner County Board of Equalization tax assessment to the Faulkner County Court. On September

---

[1]This appeal is one of four cases presently before the court all of which raise identical issues of law. *See Desoto Gathering v. Hill*, CV-16-993; *USAC Leasing, LLC v. Hill*, CV-16-994; *USAC Leasing, LLC v. Hill*, CV-16-1000.

22, 2015, Mr. Murray Williams, a nonlawyer and senior tax manager with DeSoto, filed the appeals and signed the petitions that were filed with the Faulkner County Court on behalf of DeSoto. Each petition was on a form that was filled in by Mr. Williams and signed on behalf of DeSoto. On November 2, 2015, a licensed attorney on behalf of DeSoto filed amended petitions of appeal in the Faulkner County Court.[2] On November 6, 2015, and November 24, 2015, the Faulkner County Court entered an order and amended order affirming the Faulkner County Board of Equalization's decision.

On December 7, 2015, DeSoto filed its appeal of the denial of relief with the Faulkner County Circuit Court. On February 3, 2016, Hill filed a motion to dismiss asserting that the Faulkner County Court had lacked subject–matter jurisdiction to hear the appeal from the Board of Equalization as a result of the appeal petitions being signed by a nonlawyer. Hill also filed a motion in the alternative to stay the proceedings pending this court's resolution of the petition for review in *Stephens Prod. Co. v. Bennett*, 2015 Ark. App. 617. On February 16, 2016, DeSoto filed a response to the motion to dismiss and in the alternative the motion to stay the proceedings. On February 23, 2016, the circuit court entered a stay of all proceedings pending final judgment in *Stephens*. On July 27, 2016, the circuit court lifted the stay because

---

[2]The amended petitions were untimely. Pursuant to Ark. Code Ann. § 26-27-318 (c)(1), "Appeals to Courts," "An appeal must be filed on or before the second Monday in October of each year and shall have preference over all matters before the county court and shall be heard and an order made on or before the fifteenth day of November." Therefore, the amended petitions were untimely because they were not filed by October 12, 2015.

on July 21, 2016, we dismissed the *Stephens* appeal, after the parties filed a motion to dismiss the appeal. Following the circuit court's lift of the stay, the parties filed responses to the order lifting the stay. On September 9, 2016, the Faulkner County Circuit Court granted Hill's motion to dismiss and dismissed DeSoto's appeal:

> Given the ruling by the Court of Appeals in *Stephens Production Company v. Kathy Bennett, et al*, CV-2015-935, coupled with the pleadings in the case at bar, this Court finds that this matter should be dismissed.

From that order, DeSoto timely appealed. DeSoto presents the following issue on appeal: Whether the circuit court erred in dismissing DeSoto's appeal when DeSoto's tax manager, a nonlawyer, initiated the appeal on behalf of Desoto.

Our standard of review on issues addressing the unauthorized practice of law is a de novo standard. *Nisha, LLC v. TriBuilt Constr. Grp., LLC*, 2012 Ark. 130, at 5, 388 S.W.3d 444, 447. Further, we review issues of statutory construction de novo because it is for this court to decide what a statute means. *Cooper Realty Inv., Inc. v. Ark. Contractors Licensing Bd.*, 355 Ark. 156, 134 S.W.3d 1 (2003). "The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language." *Potter v. City of Tontitown*, 371 Ark. 200, 209, 264 S.W.3d 473, 481 (2007). While we are not bound by the circuit court's ruling, we will accept that court's interpretation of a statute unless it is shown that the court erred. *Id*.

The case before us revolves around ad valorem tax assessments. We have explained the appeal procedure as follows: "The proper appeal process for allegations of improper ad valorem tax assessments is set forth in Ark. Code. Ann. §§ 26–27–317 to –318 (Repl.1997 &

Supp. 2011). An aggrieved property owner's first step is to contest the ad valorem property tax assessment to the county equalization board. *See* Ark. Code Ann. § 26-27-317. The board's decision, once rendered, can be appealed to the county court. *See* Ark. Code Ann. § 26-27-318. *See, e.g., Crittenden Hosp. Ass'n v. Bd. of Equalization of Crittenden County*, 330 Ark. 767, 958 S.W.2d 512 (1997)." *May v. Akers-Lang*, 2012 Ark. 7, at 12, 386 S.W.3d 378, 384. From county court, a property owner may pursue relief in circuit court.

Here, that process was followed. DeSoto challenged the county court's findings in circuit court, and the circuit court dismissed DeSoto's appeal. The crux of the issue before the court is whether it is error for a circuit court to dismiss a corporation's appeal for lack of jurisdiction when the corporate representative, a nonlawyer, initiated the appeal on behalf of the corporation. We answer in the negative and hold that dismissal under the circumstances in this case was not error for the reasons that follow.

We begin our analysis with amendment 28 to the Arkansas Constitution, which was enacted by the people on November 8, 1938, and provides that "[t]he Supreme Court shall make rules regulating the practice of law and the professional conduct of attorneys at law." We have consistently interpreted this to mean that this court "has the exclusive authority to regulate the practice of law. *Preston v. Stoops*, 373 Ark. 591, 594, 285 S.W.3d 606, 609 (2008) ('Oversight and control of the practice of law is under the exclusive authority of the judiciary.'); *see also* Ark. Const. amend. 28 ('The Supreme Court shall make rules regulating the practice of law and the professional conduct of attorneys at law.'). Likewise, the unauthorized practice of law falls within this court's constitutional authority to control and

SLIP OPINION

govern the practice of law. *Preston*, 373 Ark. at 594, 285 S.W.3d at 609." *Nisha*, 2012 Ark.

130, at 5, 388 S.W.3d at 447. Further, in *Nisha*, we explained our long-standing holdings

with regard to the unauthorized practice of law cases:

> In [*Arkansas Bar Association v.*] *Union National Bank*, [224 Ark. 48, 273 S.W.2d 408 (1954)], the Arkansas Bar Association sought to enjoin a bank from engaging in the unauthorized practice of law. . . . *Id.* at 49, 273 S.W.2d at 409. In our opinion, this court made . . . broad conclusions regarding the practice of law in Arkansas:
>
> • Corporations are prohibited from practicing law in this state and a corporate employee, officer, or director who is not a licensed attorney cannot hold himself or herself out as being entitled to practice law. *Id.* at 51, 273 S.W.2d at 410.
>
> • An individual can practice law for himself or herself, but a corporation can only represent itself in connection with its own business or affairs in the courts of this state through a licensed attorney. *Id.*
>
> . . . .
>
> • When one appears before a court of record for the purpose of transacting business with the court in connection with any pending litigation or when any person seeks to invoke the processes of the court in any matter pending before it, that person is engaging in the practice of law. *Id.* at 53, 273 S.W.2d at 411.
>
> • The practice of law is regulated by the judiciary. *Id.*

*Id.* at 6, 388 S.W.3d at 447–48.

Also, with regard to corporations, we have explained that "while there is no question

that we hold the power to define, regulate, and control the practice of law, section 16-22–

211 reflects the consensus of this court as found in prior case law and implied by our court

rules. We have observed that '[c]orporations shall not practice law.' *Union Nat'l Bank*, 224

Ark. at 53, 273 S.W.2d at 411 (1954) (quoting *People ex rel. Comm. on Grievances of Colorado*

*Bar Ass'n v. Denver Clearing House Banks*, 99 Colo. 50, 59 P.2d 468, 470 (1936))." *Brown v. Kelton*, 2011 Ark. 93, at 6–7, 380 S.W.3d 361, 365–66. We have explained that "the prohibition against the unauthorized practice of law exists not only to insure professional competence, but also to protect the public from relying upon the legal counsel of persons who are not bound by the professional standards of conduct that are imposed upon those practicing law in this state. *Undem v. State Board of Law Examiners*, 266 Ark. 683, 587 S.W.2d 563 (1979)." *Clarendon Am. Ins. Co. v. Hickok*, 370 Ark. 41, 46, 257 S.W.3d 43, 46–47 (2007).

With regard to actions that constitute the unauthorized practice of law, in *Union National Bank of Little Rock*, *supra*, this court defined what constitutes the practice of law:

> We do hold however that when one appears before a court of record for the purpose of transacting business with the court in connection with any pending litigation or when any person seeks to invoke the processes of the court in any matter pending before it, that person is engaging in the practice of law. To us this conclusion is obvious. Courts are constituted for the purpose of interpreting and administrating the laws passed by the law making body and the rules announced by the judiciary, and they must necessarily be governed in their operation by rules of procedure. Attorneys are officers of the court and are able by special training and practice to know the law and rules of procedure, and are thereby in position to render a service to the court. Therefore any one who assumes the role of assisting the court in its process or invokes the use of its mechanism is considered to be engaged in the practice of law.

*Union Nat'l Bank*, 224 Ark. At 53, 273 S.W.2d at 411. We have also held that a person was attempting to practice law when a person who was not a lawyer filed a notice of appeal on another person's behalf. *See Shoemate v. State*, 339 Ark. 403, 5 S.W.3d 446 (1999).

In addition to our case law, our statutes reflect the same prohibition and specifically prohibit corporations from practicing law on behalf of another person or entity, and a

corporation is generally prohibited from acting pro se. *See* Ark. Code Ann. § 16-22-211. Ark. Code Ann. section 16-22-211 (a) provides "It shall be unlawful for any corporation or voluntary association to practice or appear as an attorney at law for any person in any court in this state or before any judicial body[.]"

Finally, we must address our law regarding county court. Arkansas Code Annotated § 14-14-1001(a), "County Court Generally," provides: "Courts of Record. The county court shall be a court of record and shall keep just and faithful records of its proceedings." Additionally, under Ark. Code Ann. § 16-10-104, states that "the Supreme Court, Court of Appeals, and all circuit and county courts shall be courts of record and shall keep just and faithful records of their proceedings."

With these standards in mind, we turn to DeSoto's issue on appeal: whether the circuit court erred in dismissing DeSoto's appeal for lack of jurisdiction because the appeal was initiated by a nonlawyer. First, we address the issue of the unauthorized practice of law. DeSoto asserts that the unauthorized practice of law did not occur because company representatives are authorized to initiate the administrative county-court appeal process which DeSoto contends is administrative in nature. Relying on Ark. Code Ann. § 26-27-318(a)(1)(A), DeSoto asserts that the statute specifically allows property owners, here a corporation, to appeal and does not require an attorney. Subsection (a)(1)(A) provides:

> The county assessor or a property owner who is aggrieved at the action of the county equalization board may appeal from the action of the county equalization board to the county court by filing a petition of appeal with the county clerk, who shall assign a case number to the appeal.

However, we disagree with DeSoto's position. Despite Ark. Code Ann. § 26-27-318

SLIP OPINION

(a)(1)(A) and a property owner's right to appeal an assessment, corporations are prohibited from acting pro se or representing themselves in legal actions. As discussed above, Ark. Code Ann. section 16–22–211(a) does not allow any corporation:

> [T]o practice or appear as an attorney at law for any person in any court in this state or before any judicial body, to make it a business to practice as an attorney at law for any person in any of the courts, to hold itself out to the public as being entitled to practice law, to tender or furnish legal services or advice, to furnish attorneys or counsel, to render legal services of any kind in actions or proceedings of any nature or in any other way or manner, or in any other manner to assume to be entitled to practice law or to assume or advertise the title of lawyer or attorney, attorney at law, or equivalent terms in any language in such a manner as to convey the impression that it is entitled to practice law or to furnish legal advice, service, or counsel or to advertise that either alone or together with or by or through any person, whether a duly and regularly admitted attorney at law or not, it has, owns, conducts, or maintains a law office or any office for the practice of law or for furnishing legal advice, services, or counsel.

Here, DeSoto, through a nonlawyer, lodged its appeal in the Faulkner County Court, initiating the appeal process in a court of record. Arkansas Code Annotated sections 14-14-1001 and 16-10-104 provide that the county court shall be a court of record. "We have repeatedly held that when a person not licensed to practice law in this state attempts to represent the interests of another by submitting himself or herself to the jurisdiction of a court, the pleadings filed by that person are rendered a nullity." *See Preston v. Univ. Ark. Med . Scis.*, 354 Ark. 666, 128 S.W.3d 430 (2003); *Davenport v. Lee*, 348 Ark. 148, 72 S.W.3d 85 (2002); *see also McKenzie v. Burris*, 255 Ark. 330, 500 S.W.2d 357 (1973). Here, DeSoto clearly invoked the legal process and its nonattorney representative engaged in the unauthorized practice of law.

Next, DeSoto argues that a determination of whether its filings constitute the

unauthorized-practice-of-law is of no moment, because even if the filings were unauthorized, the circuit court erred in dismissing the appeal where Hill did not timely object to the unauthorized practice. However, this argument is without merit because we have consistently held that subject matter jurisdiction may be raised at any time and that we can address the issue of the appellate court's subject matter jurisdiction over an appeal sua sponte. *Clarendon Am. Ins. Co.*, 370 Ark. at 44, 257 S.W.3d at 45. "Subject-matter jurisdiction is an issue that can be raised sua sponte. *See e.g., Skelton v. City of Atkins*, 317 Ark. 28, 875 S.W.2d 504 (1994); *Head v. Caddo Hills School District*, 277 Ark. 482, 644 S.W.2d 246 (1982); *Bratcher v. Bratcher*, 36 Ark. App. 206, 821 S.W.2d 481 (1991) (subject-matter jurisdiction is always open, cannot be waived, and can be raised by this court sua sponte )." *Am. Abstract & Title Co. v. Rice*, 358 Ark. 1, 8, 186 S.W.3d 705, 709 (2004).[3]

Next, having addressed DeSoto's unauthorized-practice-of-law and timeliness claims, we move to the effect of the unauthorized practice of law. In *Davenport*, 348 Ark. 148, 72 S.W.3d 85, we held that the complaint was a nullity based on the absence of counsel. The appellants in *Davenport* contended that the complaint was only defective and not void ab initio. *Id.* We rejected appellants' argument, holding that where a party commits the unauthorized practice of law, any actions by that party, such as the filing of pleadings, are rendered a nullity. *Id.* Thus, because the original complaint in that case was a nullity, the amended complaint could not relate back, and the circuit court properly dismissed the suit

___

[3]To the extent that *Miesner* or any other prior decisions conflict with this opinion they are hereby overruled. *See Miesner v. Estate of Allred* 2017 Ark. App. 390, at 10, 525 S.W.3d 498, 504.

due to the expiration of the statute of limitations. *Id.* Since *Davenport*, we have continued to consistently hold that pleadings filed on behalf of another by a person not licensed to practice law in this state are a nullity. In *Preston*, 354 Ark. 666, 128 S.W.3d 430, we affirmed the circuit court's dismissal of a complaint that had been filed by a nonresident attorney, stating that the complaint was void, of no effect, and a nullity. Also, in *Clarendon America Ins. Co., supra*, we held that the notices of appeal filed by a nonresident attorney were a nullity and that because the deadline for filing an appeal had lapsed, the appeal must be dismissed. *See also Smithco Invs. of W. Memphis, Inc. v. Morgan Keegan & Co.*, Inc., 370 Ark. 477, 261 S.W.3d 454 (2007) (per curiam) (dismissing appeal where notice of appeal was a nullity because it had been filed by appellant's CEO, who was not an attorney). Further, although the appellant in *Clarendon* had also argued that the appellees had waived any objection to the representation by not raising the issue in the proceedings below, we held that it was an issue of subject-matter jurisdiction that we could raise sua sponte. *Id.*

Accordingly, here, based on our discussion above, the notices of appeal that Murray filed on behalf of DeSoto must be deemed a nullity because they were filed in violation of the prohibition of the unauthorized practice of law. Because the notices of appeal are a nullity and the deadline for filing an appeal under Ark.Code Ann. § 26-27-318 had lapsed when the amended notices were filed, the petitions of appeal were a nullity, the county court did not have jurisdiction, and the circuit court did not have jurisdiction. Further, as discussed above, subject-matter jurisdiction may be raised at any time and therefore DeSoto's challenge to timeliness is without merit. Therefore, based on our standard of review, we find that the

circuit court did not err in granting Hill's motion to dismiss, and we affirm the circuit court.

However, despite this holding, DeSoto urges this court to adopt a prospective application of the holding in this case. DeSoto asserts that because we are adopting a "new rule," the holding applies prospectively. We disagree. Desoto cites the court of appeals' opinion in *Stephens* that was announced on October 28, 2015, and urges this court to overrule *Stephens*. Hill cites *Stephens* and argues that the court should rely on the opinion. However, the court of appeals' opinion in *Stephens* is not helpful to our discussion in this case. First, "it is well settled that the Arkansas Court of Appeals must follow the precedent set by the Arkansas Supreme Court." *Homecare Pharmacy, Inc. v. Douglas*, No. CA 00–196, 2000 WL 1683438, at *3 (Ark. Ct. App. Nov. 8, 2000). The court of appeals "must follow the precedent set by the supreme court and are powerless to overrule its decisions. *Rice v. Ragsdale*, 104 Ark. App. 364, 292 S.W.3d 856 (2009); *Breckenridge v. Ashley*, 55 Ark. App. 242, 934 S.W.2d 536 (1996)." *Watkins v. Ark. Elder Outreach of Little Rock, Inc.*, 2012 Ark. App. 301, at 8, 420 S.W.3d 477, 483. Therefore, the *Stephens* opinion has no precedential value in this case. Second, asserting that *Stephens* or a holding in this case should only be applied prospectively is, at best, weak. Our holding today, as in *Stephens*, simply interprets our existing laws and does not announce a new rule. Here, from the discussion above, it is clear that none of the statutes were "new" laws and none of the case law is "new." Simply put, we have interpreted statutes and applied holdings from our case law that were part of our law when DeSoto filed its petitions of appeal in circuit court. Therefore, we decline DeSoto's invitation to declare that our holding today has only prospective application. We also note

that in August 2017, the General Assembly expressly added the following language to Ark.

Code Ann. Section 26-27-317:

> (e)(1) The county equalization board shall decide the merits of an adjustment of assessment application and notify the property owner of its decision in writing at least ten (10) business days after the hearing.
>
> 2) The county equalization board's notification shall include:
>
> . . . .
>
> > (D) A statement that a petition filed in county court for a hearing on behalf of a corporation, limited liability company, or other business entity shall be signed and filed by an attorney licensed to practice law in Arkansas.

Accordingly, prospectively, it is clear what the law requires.

Finally, as we have explained in previous opinions, "while we too disfavor dismissing actions on technical grounds, this court must remain cognizant of our duty to protect the interests of the public through the regulation of the practice of law. The power to regulate and define the practice of law is a prerogative of the judicial department as one of the divisions of government. *See Wilson v. Neal*, 341 Ark. 282, 16 S.W.3d 228 (2000), *cert. denied*, 532 U.S. 919, 121 S.Ct. 1355, 149 L.Ed.2d 285 (2001); *Weems v. Supreme Ct. Comm. on Prof. Conduct*, 257 Ark. 673, 523 S.W.2d 900, *reh'g denied*, 257 Ark. 685, 523 S.W.2d 900 (1975). Amendment 28 to the Arkansas Constitution specifically details our duty in this regard and states: 'The Supreme Court shall make rules regulating the practice of law and the professional conduct of attorneys at law.' This court accepted the responsibility assigned to it by the constitution and set the standards high in order to protect the public, as well as the integrity of the legal profession. *Wilson*, 341 Ark. 282, 16 S.W.3d 228. In light of our duty to ensure

that parties are represented by people knowledgeable and trained in the law, we cannot say that the unauthorized practice of law simply results in an amendable defect. Where a party not licensed to practice law in this state attempts to represent the interests of others by submitting himself or herself to jurisdiction of a court, those actions such as the filing of pleadings, are rendered a nullity." *Davenport*, 348 Ark. at 160, 72 S.W.3d at 93–94. Accordingly, we affirm the circuit court.

Affirmed.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** While I recognize that this court's assertion of its authority and obligation to control the practice of law that is founded in our state constitution, I do not subscribe to the proposition that the facts of this case support the application of that authority.

Recognizing the absolute truth that the power to tax is the power to destroy, I confess my concern that a corporate taxpayer must hire an attorney to appear before a county court presided over by a nonattorney county judge to contest the accuracy of the ad valorem tax assessment placed on its property by the tax assessor, a county official. This requirement to hire a lawyer gives the county assessor a great advantage and serves as a bar to the less financially affluent corporation's ability to access the procedures for equalization of the tax assessment. This is a denial of the taxpayer's right of access to the tax-equalization process.

Access of any taxpayer to the equalization process is provided in Arkansas Code Annotated section 26-27-318(a)(1), which states in part that " any property owner who may

feel aggrieved at the actions of the County Equalization Board may appeal from the action of the County Equalization Board to the county court by filing a petition of appeal with the clerk of the county court." Based on this statute, an appeal by any property owner is clearly authorized. The question presented here is where in the appeal process can the legislature or this court require any entity other than an individual to hire a licensed attorney to pursue its claim that the county's tax assessment on its property is unequal or greater than the assessment on taxpayers owning similar or like property.

The prohibition against corporations and other entities appearing by their officers or employees is codified by our legislature and is deeply rooted in our jurisprudence. Both the legislature and the courts put stringent prohibitions on corporations who are required or who desire to access judicial forums. Ark. Code Ann. § 16-22-211 (Repl. 1999). "It shall be unlawful for any corporation or voluntary association to practice or appear as an attorney at law for any person in any court in this state or before any judicial body." Ark. Code Ann. § 16-22-211(a). As noted by the majority, the constitution in 1938 granted the supreme court the authority to make rules regulating the practice of law. As recent as 2008, this court in *Preston v. Sloops*, 373 Ark. 591, 594, 285 S.W.3d 606, 609, opined that "control of lawyers is in the exclusive control of this court." This court's authority to control the practice of law is well established, even so, the authority of this court has its limits. In my view, before the court identifies an act as a practice of law, it must first determine whether the forum in which the act occurred was in fact a judicial forum.

To clarify, the factual basis for this appeal commenced when the Faulkner County Tax

14

Assessor assessed personal property located in Faulkner County and owned by DeSoto Gathering, an LLC. DeSoto Gathering disagreed with the valuation and subsequent ad valorem tax assessment. A nonlawyer employee of DeSoto Gathering, Murray Williams, filed on DeSoto's behalf a petition to appeal the assessment to the Faulkner County Equalization Board. Following an adverse decision by that board, the employee sought an appeal to the county court and filed with the county court clerk a petition for appeal. It is the filing of this petition with the county clerk seeking an appeal to the county court that is the gravamen of this controversy. After DeSoto's employee filed the petition to appeal, an attorney hired by DeSoto filed an amended petition with the county clerk. Thereafter, the county judge rendered his decision affirming the equalization board's decision. The attorney for DeSoto sought an appeal of the county judge's decision in circuit court.

The only guidance provided to a taxpayer in this appeal process is found in section 26-27-318 and Arkansas District Court Rule 9. As previously noted, that statute allows a property owner who feels aggrieved at the action of the county equalization board an appeal to the county court. Additionally, on appeal, any property owner must appeal to the equalization board before filing a petition to appeal to the county court; further, the statute provides that upon an appeal, any property owner in the county may appear and be heard in support of, or in opposition to, the appeal. *Id.*

Also, the statute establishes that the county court shall have no jurisdiction to hear the appeal unless the county clerk shall have first given notice of the appeal by publication by inserting not less than one week prior to the date fixed for the hearing of the appeal in a daily

or weekly newspaper published and having a bona fide general circulation in the county or in any county in which no daily or weekly newspaper is published, by posting a notice at the courthouse and in four other conspicuous places in the county seat of the county for a period of not less than one week before the date fixed for the hearing of the appeal. *Id*. This public notice giving property owners an opportunity to impact the equalization process removes any doubt that the hearing to be held at the county court falls far short of being a judicial proceeding but does establish the requirement to qualify a public forum. The very fact that a public notice is required before the county court can address an issue of equalization of taxes also supports a finding that this hearing is a public forum. That being so, an appearance by a corporate taxpayer need not be preceded by hiring a lawyer to facilitate the hearing by filing a notice of appeal or the taxpayer's appearance at that hearing.

There is nothing in section 26-27-318 that puts a corporate taxpayer on notice that an appeal of the equalization board's decision to the county court was not available to it unless it hired an attorney to make the claim. However, the law is clear that a taxpayer must exhaust its remedy of an appeal to the county court before it may appeal to the circuit court. *See* Ark. Code Ann. § 26-27-318(2)(B). That statute also provides for public notice of the proceeding in the county court and further, that statute provides that "any property owner in the county may appear at the hearing and be heard in support of or in opposition to the appeal." Thus, an officer of another corporation owning similar equipment could respond to that notice and provide information for consideration of the county judge.

Article seven, section 28 of the Arkansas Constitution and section 26-27-318 clearly

authorize the county judge to determine the nature of the forum for an appeal in a county tax matter. Because the county judge, by our state constitution, has exclusive jurisdiction in ad valorem tax matters, his decision on whether the county court proceeding is a public forum or a judicial forum cannot be reviewed or altered by the circuit court. The actions taken by the county judge clearly manifest that this meeting was not a judicial proceeding. The administrative nature of the forum was clearly manifested by the county judge in a letter he wrote that established the guidelines for the hearing. In that letter he stated that personal attendance was not required and that unsworn statements would be accepted and read at the proceeding.

At best, this was an administrative proceeding and could have easily been considered a political forum regarding the assessment of taxes. But in no event could it be a judicial forum where the evidence consisted of unsworn statements made by persons not in attendance and where the court invited the public to speak for or against the tax. Because it is not a judicial proceeding, there is no basis to prevent an employee or an officer of the corporation from participating in the process.

Under the facts of this case, the appeal to the circuit court for DeSoto Gathering was effected by an attorney at law and followed the procedures set forth in Arkansas District Court Rule 9 that govern appeals to the circuit court. Rule 9 states:

> A party may take an appeal from the final judgment of a county court by filing a notice of appeal with the clerk of the circuit court having jurisdiction over the matter within thirty (30) days from the date that the county court filed its order with the county clerk. A certified copy of the county court's final judgment must be attached to the notice of appeal.

17

Additionally, the special provisions in Rule 9(c)(4) concerning appeals from county court to circuit court provide in pertinent part: "The Arkansas Rules of Civil Procedure shall govern all the circuit court proceedings on appeal of a district court judgment as if the case had been filed originally in circuit court." Thus, once the judgment has been filed the circuit court has jurisdiction to hear a claim of unequal taxation as a new case as if it had been originally filed in the circuit court. It is not a review of the county court proceedings but instead is a new case. It is not the duty or the right of the circuit court to look behind the judgment of the county court to determine whether the county judge followed the law in his proceedings. Any attack on the county court's order by the circuit court is a collateral attack and is outside the circuit court's mandate to hear a case as if it had been originally filed in the circuit court

In this appeal process, the exclusive jurisdiction of an ad valorem tax matter lies with the county judge and, thus, the issue of nonlawyer representation at the county court level is an issue that should be first presented to the county court. The failure of the assessor to raise the issue in that proceeding prevents them from bringing that issue before the circuit court.

Once the case was lodged in the circuit court the assessor sought to prevent a new trial in a judicial setting claiming that the county court erred by allowing a nonlawyer to initiate an appeal from the equalization board to the county court. The county court has the exclusive jurisdiction over ad valorem tax issues by state constitution. The failure of the assessor to bring the issue in that court is a bar preventing them and the circuit court from removing jurisdiction of ad valorem tax matters from the county court. I would reverse.

I dissent.

*Elias, Books, Brown & Nelson, P.C.*, by: *William K. Elias*, for appellants.

*David Hogue*; and *Taylor & Taylor Law Firm, P.A.*, by: *Andrew M. Taylor* and *Tasha C. Taylor*, for appellees.