Cite as 2024 Ark. 27

# SUPREME COURT OF ARKANSAS
No. CV–23–511

|  |  |
|---|---|
| FRED GUY MONACO II AND SANDRA JEAN MONACO<br><div align="right">APPELLANTS</div><br>V.<br><br>KRISSY LEWIS, FAULKNER COUNTY ASSESSOR; AND SHERRY KOONCE, FAULKNER COUNTY TAX COLLECTOR<br><div align="right">APPELLEES</div> | **Opinion Delivered:** March 7, 2024<br><br>APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CV-22-1322]<br><br>HONORABLE CHARLES E. CLAWSON III, JUDGE<br><br><u>AFFIRMED</u>. |

**RHONDA K. WOOD, Associate Justice**

Fred and Sandra Monaco filed a petition for writ of mandamus in the circuit court seeking relief against the Faulkner County Assessor and the Faulkner County Tax Collector relating to the 2021 assessment of the property they own. Their argument centers on the effect of Sandra's right to a homestead-tax-assessment freeze under amendment 79 of the Arkansas Constitution. The circuit court denied relief on multiple grounds, and we affirm. The circuit court was correct that the petition was a nullity as to Sandra. As to Fred's surviving petition, a writ of mandamus is extraordinary relief and not available when there are alternative remedies available.

Sandra Monaco bought a parcel of timberland in Faulkner County in 2005. Sometime before 2020, Sandra built a home on the property. The Assessor's office

continued to assess the property as agricultural without a building. In 2020, pursuant to a countywide reappraisal, the Assessor's office discovered the improvement and reassessed the property's value to reflect the substantial increase because of the home. In July 2021, the Assessor's office sent Sandra a notice of the change in the value and her estimated annual tax. Thirteen days later, she deeded the property to herself and to her husband, Fred. Sandra and Fred did not appeal the Assessor's notice to the Faulkner County Board of Equalization. In October 2021, Sandra filed a form with the Assessor asserting a homestead right on the property and her right to an assessment freeze under amendment 79 because she was sixty-five or older as of 2013. In 2022, they received their 2021 annual property assessment. They appealed the assessment to the Board. The Board upheld the Assessor's valuation and assessment. Sandra and Fred did not appeal this decision.

Instead, Fred filed a petition for writ of mandamus in circuit court on behalf of himself and Sandra. Sandra did not sign the petition. The petition again asserted Sandra's right to a homestead-assessment freeze under amendment 79, section 1 of the Arkansas Constitution. The petition sought a writ compelling the Faulker County Assessor and the Faulkner County Tax Collector to assess and cap Fred and Sandra's property value—and related property taxes—at the 2013 amount. The circuit court dismissed the petition with prejudice.

The circuit court found that (1) any claims Fred filed on behalf of Sandra were null and void because he was practicing law without a license; (2) Fred lacked any justiciable claim in the matter because he did not own the property until 2021, and the assessment was capped as of 2021; (3) the petition failed to meet the procedural requirements for a writ of

mandamus; and (4) the petitioners failed to exhaust their administrative remedies. This appeal followed. Because the circuit court did not abuse its discretion in denying the petition, we affirm.

I.       *Unauthorized Practice of Law*

"[W]hen a person not licensed to practice law in this state attempts to represent the interests of another by submitting himself or herself to the jurisdiction of a court, the pleadings filed by that person are rendered a nullity." *Clarendon Am. Ins. Co. v. Hickok*, 370 Ark. 41, 47, 257 S.W.3d 43, 47 (2007). Therefore, we must consider whether Fred is participating in the unauthorized practice of law. Our standard of review is de novo. *Nisha, LLC v. TriBuilt Constr. Grp., LLC*, 2012 Ark. 130, at 5, 388 S.W.3d 444, 447. A person engages in the practice of law when that person (1) appears before a court of record for transacting business with the court in connection with any pending litigation, or (2) seeks to invoke the processes of the court in any matter pending before it. *DeSoto Gathering Co. LLC v. Hill*, 2017 Ark. 326, at 6, 531 S.W.3d 396, 401. A nonlawyer may appear in court pro se on his own behalf, but only an attorney licensed to practice law in this state may represent anyone other than himself. *Nisha*, 2012 Ark. 130, 388 S.W.3d 444; *Ark. Bar Ass'n v. Union Nat'l Bank of Little Rock*, 224 Ark. 48, 273 S.W.2d 408 (1954). We have held that pleadings filed by a nonlawyer attempting to represent the interests of others are a nullity. *See, e.g.*, *DeSoto*, 2017 Ark. 326, at 8–9, 531 S.W.3d at 402; *Preston v. Univ. of Ark. For Med. Scis.*, 354 Ark. 666, 677–78, 128 S.W.3d 430, 435–36 (2003).

Fred and Sandra did not use a licensed attorney to file their petition. Instead, only Fred signed and filed the petition with the signature block "without prejudice, sui juris, in

propria persona." Sandra did not sign the petition and did not represent herself. Because nonlawyers may only represent *themselves* before a court, Fred could only file the petition on his own behalf and not on behalf of Sandra. Sandra's signature acknowledging she was also seeking to petition the court was essential because Fred has not undertaken the extensive legal training and sworn to adhere to the strict ethical rules our court requires of licensed attorneys. *See Undem v. State Bd. Of Law Exam'rs*, 266 Ark. 683, 587 S.W.2d 563 (1979). Before we allow one to risk another's rights, we hold them to rigorous standards. *Id.* Thus, Fred's representation of Sandra was an unauthorized practice of law, and so the petition is a nullity with respect to Sandra's claims. As a result, the circuit court was correct to dismiss the petition as to Sandra.

## II.     *Writ of Mandamus*

We now turn to Fred's petition for writ of mandamus. A writ of mandamus is an extraordinary remedy that only issues to enforce an established right or the performance of a duty. *Linell v. State*, 2019 Ark. 25, at 2, 565 S.W.3d 482, 484. A petitioner seeking this writ must show a clear and certain right to the relief sought and the absence of any other remedy. *Id.* We review the circuit court's denial of a writ of mandamus for abuse of discretion. *Id.* A circuit court abuses its discretion when it makes an arbitrary or capricious decision. *Id.*

Arkansas statutes and this court's precedents state the proper process for aggrieved taxpayers to challenge the assessment and valuation of their property by county officials. *See* Ark. Code Ann. §§ 26-27-317 to -318 (Repl. 2020); *see, e.g.*, *Brown v. Towell*, 2021 Ark. 60, at 8–11, 619 S.W.3d 17, 21–23; *DeSoto*, 2017 Ark. 326, at 3–4, 531 S.W.3d at 399.

4

This process dates back more than one hundred years: "The taxpayer may apply to the county board of equalization for redress against the action of the county assessor, and, if the county board does not grant him relief, he may appeal to the county court, and, if dissatisfied with its action may, in turn, appeal from its decision [to the circuit court]." *Bank of Jonesboro v. Tax Comm'n*, 92 Ark. 492, 496, 123 S.W. 753, 755 (1909). This process was available to Fred when the Board upheld his property-tax assessment. Because this process was available to Fred, he cannot show that he was entitled to a writ of mandamus, which requires the absence of any other adequate remedy. Thus, the circuit court did not abuse its discretion in denying the petition for writ of mandamus.

For these reasons, we affirm the decision of the circuit court and need not reach the remaining issues.

Affirmed.

BAKER, HUDSON, and WOMACK, JJ., concur.

WEBB, J., concurs in part and dissents in part.

**SHAWN A. WOMACK, Justice, concurring.** I agree with the majority that the petition for writ of mandamus was a nullity as to Sandra Monaco. Likewise, I agree that a writ of mandamus was unavailable because there were alternate remedies available to the Monacos. Therefore, I agree with the majority that affirming the circuit court's denial of relief was proper. Yet I write separately because I take issue with the majority's characterization of the process available to taxpayers who challenge an assessment and the valuation of property.

5

According to the majority, taxpayers must "apply to the county board of equalization for redress against the action of the county assessor, and, if the county board does not grant him relief, may appeal to the county court, and, if dissatisfied with its action may, in turn, appeal from its decision [to the circuit court]." The majority said this process is required by this court's precedent and Ark. Code Ann. §§ 26-27-317 to -318 (Repl. 2020). This is, for the most part, true. However, it is merely a general rule for which at least one exception exists. That exception is found in article 16, section 13 of our constitution.[1]

Article 16, section 13 provides that "any citizen of any county, city or town may *institute suit*, in behalf of himself and all others interested, to protect the inhabitants thereof against the enforcement of *any illegal exactions whatever*." [2] Thus, if a taxpayer claims that a tax, a tax assessment, or a valuation is contrary to law, the taxpayer has a right to institute suit in the circuit court.[3] In this case, the Monacos failed to allege an illegal exaction occurred.

---

[1] Ark. Const., art. 16, section 13 (emphasis added).

[2] "Institute suit" does not mean initiate a three-step appeals process.

[3] Circuit courts have original jurisdiction over illegal-exaction suits. *See* Ark. Const. art. 16, § 13; Ark. Const. amend. 80, § 6; *see also Jones v. Clark*, 278 Ark. 119, 644 S.W.2d 257 (1983); *Robinson v. Villines*, 2009 Ark. 632, at 5, 362 S.W.3d 870, 874 ("[S]ubject matter jurisdiction [lies] in circuit court" for illegal exaction claim.); *Hoyle v. Faucher*, 334 Ark. 529, 533, 975 S.W.2d 843, 845 (1998) (Circuit court has original subject–matter jurisdiction to resolve "[a] suit to prevent the collection of an illegal or unauthorized tax.").

"A government-imposed exaction, regardless of its name, is illegal if it violates our constitution, a statute, or other law."[4]  Here, the fatal flaw in the Monacos' argument is that they tried to claim an amendment 79 tax exemption on a property that qualifies as a new construction or substantial improvement.  Amendment 79 specifically states its protections do not apply in that case.  Accordingly, because the Monacos failed to allege that their tax assessment violates our constitution, a statute, or other law, their claim is not one for an illegal exaction.  In any event, even if the Monacos had stated a claim for an illegal exaction (which they did not), a petition for writ of mandamus is not the appropriate vehicle through which to seek the remedy they have requested.

For these reasons, I respectfully concur.

HUDSON, J., joins.

**BARBARA W. WEBB, Justice, concurring in part and dissenting in part.**  I agree that the circuit court properly denied the petition for writ of mandamus in this case. I join the majority on this point. I, however, disagree that the so-called "unauthorized practice of law" discussion is a "threshold issue" in this case that needs to be addressed.

The circuit court apparently failed to understand that the property in question, owned by Fred and Sandra Monaco, who are husband and wife, is held as a tenancy by the entirety. As defined in *American Law Reports*:

---

[4] *City of Fort Smith v. Merriott*, 2023 Ark. 51, at 7, 660 S.W.3d 809, 814 (Womack, J., concurring); *see also Prince v. Ark. State Highway Comm'n*, 2019 Ark. 199, at 5, 576 S.W.3d 1, 4 ("An illegal exaction is defined as an exaction that either is not authorized by law or is contrary to law."); *Robinson v. Villines*, 2009 Ark. 632, at 6, 362 S.W.3d at 874 ("[W]e have held that the definition of an illegal exaction is any exaction that is not authorized by or is contrary to law.").

7

An estate by the entireties is the estate created at common law by a conveyance or devise of property to husband and wife. It is a creature of the common law created by legal fiction and based wholly on the common-law doctrine of unity of husband and wife, the separate legal existence of the wife being merged into that of the husband. Under this theory, husband and wife take the whole estate as a single person with the right of survivorship as an incident thereto, so that if one dies, the entire estate belongs to the other by virtue of the title originally vested. The estate conveyed, whether in fee, in tail, for life, or for years, is held by them as a whole and not by moieties—per tout and not per my—with unities of time, title, interest and possession, and, except as the time of the estate may be limited by the instrument creating it, it is held by husband and wife together so long as both live, unless the marriage relation is sooner dissolved by judicial or legislative decree.

K.A. Dreschler, Annotation, *Estate Created by Conveyance to Husband and Wife as Affected by Language Used in Deed*,161 A.L.R. 457, pt. I (Westlaw through Feb. 19, 2024). Accordingly, Fred's efforts to invoke amendment 79 to secure a more favorable property tax bill for the property was undertaken both for himself *and* for his wife, who are viewed under the law as one. Furthermore, amendment 79 states: "In the interest of joint ownership, if one of the owners qualifies under this subsection (d), all owners shall receive the benefits of this amendment. Ark. Const. amend. 79, § (1)(d)(3).

Accordingly, I concur in affirming the circuit court's denial of the petition for writ of mandamus, but I dissent from the majority's decision to address the so-called unauthorized practice of law. That latter discussion is unnecessary and not well-grounded in the law.

Concurring in part and dissenting in part.

*Fred Guy Monaco II* and *Sandra Monaco*, pro se appellants.

*J. Philip Murphy*, for appellees.